Adam Steinbaugh, Cal. Bar No. 304829
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone:    (215) 717-3473
Email:        adam@thefire.org

JT Morris, Tex. Bar No. 24094444*
Zachary T. Silver, D.C. Bar No. 1742271*
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
700 Pennsylvania Ave., SE; Ste. 340
Washington, D.C. 20003
Telephone:    (215) 717-3473
Email:        jt.morris@thefire.org
Email:        zach.silver@thefire.org

David Loy, Cal. Bar No. 229235
David Snyder, Cal. Bar No. 262001
FIRST AMENDMENT COALITION
534 4th Street, Suite B
San Rafael, CA 94901-3334
Telephone:    (415) 460-5060
Email:        dloy@firstamendmentcoalition.org
Email:        dsnyder@firstamendmentcoalition.org

*Attorneys for Plaintiffs*
* Pro hac vice *application pending*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIRST AMENDMENT COALITION, VIRGINIA LAROE, and EUGENE VOLOKH,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID CHIU, in his official capacity as City Attorney of San Francisco; and ROB BONTA, in his official capacity as Attorney General of California,<br><br>Defendants. | Civil Case No. 3:24-cv-08343-TSH<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PROVISIONALLY UNDER SEAL PORTIONS OF: MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF LAW, SUPPORTING DECLARATION OF ADAM STEINBAUGH AND SUPPORTING EXHIBITS 2–5 AND 7–9**<br><br>Hon. Thomas S. Hixon |

**ADMINISTRATIVE MOTION**

Plaintiffs First Amendment Coalition, Virginia LaRoe, and Eugene Volokh have moved for a preliminary injunction prohibiting Defendants David Chiu and Rob Bonta, in their official capacities, from enforcing a provision of the California Penal Code prohibiting any person from "disseminat[ing]" any "information relating to a sealed arrest." Cal. Penal Code § 851.92(c). Plaintiffs contend the statute violates their First Amendment right to publish information concerning a sealed arrest report that is publicly available or otherwise legally obtained. *See Fla. Star v. B.J.F.*, 491 U.S. 524, 536–37 (1989). Defendant Chiu, City Attorney for the City and County of San Francisco, has threatened to enforce that statute against a journalist (and the company that hosts his publication) with respect to the same information Plaintiffs have published or intend to publish. Compl. ¶¶ 51–86.

In establishing why Section 851.92(c) violates the First Amendment, Plaintiffs refer to the circumstances of the sealed arrest in question, the publicity that the arrest report has received, and subsequent civil litigation against the journalist who reported on it and whom the City Attorney now threatens. But the broad language of the statute prohibits anyone—including Plaintiffs—from "disseminat[ing]" that information to the public through any means, arguably limiting Plaintiffs' ability to share that information even on this Court's docket. Section 851.92(c)'s overbreadth and vagueness requires Plaintiffs to challenge the statute's constitutionality at least in part under seal in order to avoid arguably violating it. Without the option of sealing, Plaintiffs would be denied their right to bring "a pre-enforcement First Amendment challenge [by showing their] expressive activity is chilled [by] a 'realistic danger' of prosecution under the [challenged] statute." *Ariz. All. for Retired Ams. v. Mayes*, 117 F.4th 1165, 1181 (9th Cir. 2024) (citation omitted).

Plaintiffs do not contend that this information should *remain* sealed. Just as the First Amendment bars California from curtailing speech about information that is already public, it also compels litigation in full view of the public—not behind closed doors or heavily-redacted documents. Still, out of an abundance of caution, Plaintiffs administratively move under Civil Local Rules 7-11 and 79-5 to temporarily file under seal

portions of their Motion, the supporting Declaration of Adam Steinbaugh, and portions of Exhibits 2–5 and 7–9 to the Declaration of Adam Steinbaugh.[1] So that Defendants have an opportunity to be heard, Plaintiffs respectfully request the Court issue an order to show cause why the relevant portions should not be unsealed. In the alternative, Plaintiffs ask the Court to treat the motion as an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed under Civil Local Rule 79-5(f), which applies where information has been "designated as confidential by another party or a non-party."

## **LEGAL STANDARD**

"We begin with the presumption that the public and the press have a right of access to criminal proceedings and documents filed therein." *CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir. 1985) (citations omitted). The right is "grounded in the First Amendment and in common law," *id.* (citation omitted), which has long recognized "a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

Of course, "the right to inspect and copy judicial records is not absolute." *Id.* at 598. Still, a party seeking to seal a judicial record must overcome the presumption of access by articulating "compelling reasons" to justify sealing the records at issue. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). After considering all relevant factors, "the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1295 (9th Cir. 1986)).

Civil Local Rule 79-5(c) permits parties to administratively move to file under seal portions of their own documents. The motion must include a statement setting forth the "applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the

---

[1] Plaintiffs certify that they have reviewed and complied with Civil Local Rule 79-5 and the Standing Order for Magistrate Judge Thomas S. Hixon.

injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1), (f)(3). Civil Local Rule 79-5(f) permits parties to administratively move to consider whether another party's material should be sealed. Under that rule, the party that designates the material as confidential has the onus to satisfy the factors listed in Civil Local Rule 79.5(c)(1).

**ARGUMENT**

**I.   The Court Should Temporarily Seal the Material Under Civil Local Rule 79-5(c) and Order Defendants to Show Cause Why the Material Should Not Be Unsealed.**

California Penal Code § 851.92(c) imposes a civil penalty between $500 and $2,500 on "a person or entity, other than a criminal justice agency or the person whose arrest was sealed, who disseminates information relating to a sealed arrest." This litigation concerns Section 851.92(c)'s unconstitutional chilling effect on Plaintiffs, who intend to publish articles and post social-media content concerning a sealed arrest report that now resides in the public domain, and about a related civil lawsuit. Compl. ¶¶ 37–39, 73–80, 85–92, 94. Plaintiffs' content would include discussion of "information relating to [the] sealed arrest," Cal. Penal Code § 851.92(c), and a lawfully obtained copy of the sealed arrest report.

In litigating their case, Plaintiffs must include some information arguably "relating to" the sealed arrest in question. Defendant Chiu claims that information relating to a sealed arrest is confidential, including the information here. Through his deputy, he has already threatened to enforce the statute against a journalist for publishing the same information. By extension, that same threat plausibly hangs over Plaintiffs for filing on the public docket documents with information "relating to" the sealed arrest.[2] That is a compelling reason sufficient for this Court to grant Plaintiffs leave to file temporarily under seal the portions of their filings that may be interpreted as "relating to" a sealed arrest.

But permanent sealing is inappropriate, as it would violate the public's common-law and First Amendment rights to access judicial records concerning criminal investigations.

---

[2] There is also a plausible threat that filing on the public docket would subject at least Volokh, a California attorney, to discipline under the California Rules of Professional Conduct. Compl. ¶ 91.

- 3 -
ADMINISTRATIVE MOTION TO FILE PROVISIONALLY UNDER SEAL

*See Fla. Star*, 491 U.S. at 536–37 (holding the First Amendment protected newspaper's publication of name of rape victim obtained from publicly released police report because "investigation of a violent crime which had been reported to the authorities" was "matter of public significance"). That is especially so where the information in question has been in the public domain for over a year. Compl. ¶ 50; *see CBS, Inc.*, 765 F.2d at 825 (explaining that interest warranting confidentiality is diminished where "most of the information the government seeks to keep confidential concerns matters that might easily be surmised from what is already in the public record"). Therefore, Plaintiffs condition their request for leave to temporarily file under seal on Defendants promptly showing cause why the material should remain permanently sealed.

**II.    Alternatively, The Court Should Apply Local Civil Rule 79-5(f), Directing Defendants to Show Cause Within Ten Days Why the Records Should Be Sealed.**

Because Defendant Chiu's office insists the information at issue is confidential, Compl. ¶¶ 52–64, there is another framework the Court can apply that is appropriate to these circumstances, where information filed by one party is claimed to be confidential by a non-filing party. Civil Local Rule 79-5(f) is appropriate where a party seeks to file information that another party (or non-party) has designated "confidential." While that typically occurs in the context of a protective order, California Penal Code § 851.92(c) operates in the same manner, designating an ambiguous range of information as "confidential" and not for dissemination.[3] Under Local Rule 79-5(f), the non-filing party bears the burden to demonstrate within seven days[4] why materials should remain sealed.

**A.    These records should be unsealed in ten days if Defendants fail to make a showing to establish why they should remain sealed.**

Civil Local Rule 79-5(f) requires the filing party to list the material sought to be sealed but does not require it to satisfy the showing required in Civil Local Rule 79-5(c)(1). Civil L.R. 79-5(f)(1). Exhibit A to this motion identifies the material that Defendants have essentially designated by statute as confidential and that Plaintiffs seek to file temporarily

---

[3] Nothing in Civil Local Rule 79-5 restricts its ambit to protective orders.
[4] Given the Thanksgiving holiday, a longer period of ten days is appropriate.

under seal. Within ten days of this motion's filing, Defendants (the "Designating Party") "must file a statement and/or declaration" stating "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* 79-5(c)(1), (f)(3). If Plaintiffs wish to file a response, they must do so no later than four days after Defendants files their statement and/or declaration. *Id.* 79-5(f)(4). After that, it is left to the Court's discretion whether to unseal the material.

### B. Defendants cannot show that these records should remain sealed.

As illustrated above, Defendants cannot present compelling reasons to permanently seal the information at issue. Permanent sealing would deprive the public of its First Amendment "right of access to criminal proceedings and documents filed therein." *CBS, Inc.*, 765 F.2d at 825; *see also Fla. Star*, 491 U.S. at 536–37. Nor can they allege an injury that will result if sealing is denied. The information at issue has been in the public record for over a year. Compl. ¶ 50; *see CBS, Inc.*, 765 F.2d at 825 (finding confidentiality interest uncompelling where "most of the information the government seeks to keep confidential . . . might easily be surmised from what is already in the public record").[5]

### CONCLUSION

Plaintiffs respectfully request that the Court grant leave under Civil Local Rule 79-5(c) to temporarily file the portions of their motion arguably containing information "relating to" a sealed arrest, as enumerated in the proposed order filed concurrently with this motion. Plaintiffs ask that, subsequently, the Court order Defendants to promptly show cause why the material should not be unsealed. In the alternative, Plaintiffs request that the Court treat this motion as one under Civil Local Rule 79-5(f). Both approaches achieve the objectives of respecting the public's right to access judicial records and the First Amendment's protection for sharing lawfully obtained information on matters of public concern, while maintaining Defendants' prerogative to be heard on this issue.

---

[5] As explained in their Motion for Preliminary Injunction, though the material in question is publicly available, Plaintiffs' challenge to the statute is broader and includes any material lawfully obtained. The Court need not yet address that issue in deciding this motion.

| | |
|---|---|
| DATED: November 25, 2024 | Respectfully submitted, |
| | By: /s/ Adam Steinbaugh |
| David Loy, Cal. Bar No. 229235 | Adam Steinbaugh, Cal. Bar No. 304829 |
| David Snyder, Cal. Bar No. 262001 | FOUNDATION FOR INDIVIDUAL |
| FIRST AMENDMENT COALITION | RIGHTS & EXPRESSION |
| 534 4th Street, Suite B | 510 Walnut Street, Suite 900 |
| San Rafael, CA 94901-3334 | Philadelphia, PA 19106 |
| Tel:   (415) 460-5060 | Tel:   (215) 717-3473 |
| Email:   dloy@firstamendmentcoalition.org | Cell:  (562) 686-6990 |
| Email: dsnyder@firstamendmentcoalition.org | Fax:   (215) 717-3440 |
| | Email:  adam@thefire.org |

JT Morris, Tex. Bar No. 24094444*
Zachary T. Silver, D.C. Bar No. 1742271*
FOUNDATION FOR INDIVIDUAL
   RIGHTS & EXPRESSION
700 Pennsylvania Ave., SE, Suite 340
Washington, D.C. 20003
Tel:   (215) 717-3473
Fax:   (215) 717-3440
Email:  jt.morris@thefire.org
Email:  zach.silver@thefire.org

Attorneys for Plaintiffs
FIRST AMENDMENT COALITION,
VIRGINIA LAROE, and EUGENE
VOLOKH

* Pro hac vice *application pending*.