THE MAREK LAW FIRM, INC.
DAVID MAREK (CA Bar No. 290686)
David@marekfirm.com
AMI SANGHVI (CA Bar No. 331801)
ami@marekfirm.com
228 Hamilton Avenue
Palo Alto, CA 94301
(650) 460-7148

BERMAN NORTH LLP
Stacy Y. North (CA Bar No. 219034)
stacy@bermannorth.com
2001 Van Ness, Suite 300
San Francisco, CA 94109
(650) 463-9158

*Attorneys for Plaintiff John Doe*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**10/03/2024**
**Clerk of the Court**
BY: AUSTIN LAM
**Deputy Clerk**

**SUPERIOR COURT OF STATE OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**
**CIVIL UNLIMITED JURISDICTION**

**CGC-24-618681**

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: |
| *Plaintiff,* | **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** |
| v. | |
| SUBSTACK, INC., a Delaware Corporation; AMAZON WEB SERVICES, INC., a Delaware corporation; JACK POULSON, an individual; TECH INQUIRY, INC., a Delaware corporation; DOES 1-25, inclusive, | 1. Negligence<br>2. Gross Negligence<br>3. Intentional Interference with Prospective Economic Relations<br>4. Negligent Interference with Prospective Economic Relations<br>5. Intentional Interference with Contractual Relations<br>6. Public Disclosure of Private Facts<br>7. False Light<br>8. Intrusion into Private Affairs<br>9. Intentional Infliction of Emotional Distress<br>10. Negligent Infliction of Emotional Distress<br>11. Defamation<br>12. Violation of Business & Professions Code Section 17200<br>13. Violation of California Constitution, Section 1<br>14. Violation of California Penal Code Section 851.92<br>15. Violation of California Penal Code Section 11143 |
| *Defendants.* | |
| | Request for Punitive Damages |
| | DEMAND FOR JURY TRIAL |

1

PLAINTIFF JOHN DOE ("PLAINTIFF") complains against DEFENDANTS SUBSTACK, INC. ("SUBSTACK"), AMAZON WEB SERVICES, INC. ("AWS"), JACK POULSON ("POULSON"), TECH INQUIRY, INC. ("TECH INQUIRY"), and DOES 1-25 hereby alleges as follows:

<strong><u>PARTIES</u></strong>

1.     PLAINTIFF is an individual and a resident of San Francisco, California.  PLAINTIFF files this Complaint as a John Doe to protect his privacy, as this matter deals with the ongoing unauthorized dissemination of a sealed  .  As a result of the sensitive nature of the facts, PLAINTIFF'S full identity has been concealed from public court filings in order to prevent those not directly involved in this action from learning PLAINTIFF'S identity and making PLAINTIFF'S identity public.  In addition, PLAINTIFF refers to his employer, of which he was the Chief Executive Officer and member of the Board of Directors, during the relevant time period as "PLAINTIFF'S EMPLOYER" in an effort to protect PLAINTIFF'S privacy.

2.     SUBSTACK is a global corporation organized under Delaware law with its headquarters in San Francisco, California.

3.     AWS is a global corporation organized under Delaware law with its headquarters in Seattle, Washington.

4.     POULSON is an individual and an independent journalist and Executive Director of DEFENDANT TECH INQUIRY.  POULSON has lived and worked in California and is essentially made at home in California.  In addition, POULSON has purposefully directed his activities at residents of the forum, including PLAINTIFF and by using SUBSTACK, and this litigation results from alleged injuries that "arise out of or relate to" those activities."

5.     TECH INQUIRY is a Delaware corporation.  It holds itself out as a nonprofit company of which POULSON is the Executive Director.  Based on information on its website, Tech Inquiry is essentially at home in California.  According to its website, Tech Inquiry touts that "on a daily basis" it does work "from the US (including California state)".  In addition, TECH INQUIRY has purposefully directed its activities at residents of the forum, including PLAINTIFF, and this litigation results from alleged injuries that "arise out of or relate to" those activities."

2

6.      PLAINTIFF does not know the true names and capacities of DEFENDANTS sued herein as Does 1-25, and therefore sue these DEFENDANTS by fictitious names. PLAINTIFF will amend this Complaint to state the true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously-named DEFENDANTS is responsible in some manner for the occurrences alleged herein, and thereby proximately caused Plaintiff's injuries and damages alleged herein.

7.      At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them (including the DOES), concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

## JURISDICTION AND VENUE

8.      PLAINTIFF brings this action pursuant to California law cited with particularity below.

9.      The amount in controversy as to each Cause of Action set forth below following the factual allegations exceeds the minimum jurisdictional threshold of this Court.

10.     Jurisdiction is proper pursuant to California Code of Civil Procedure § 410.10.

11.     This Court has personal jurisdiction over each DEFENDANT because each DEFENDANT had sufficient contacts with California.  In addition, each DEFENDANT intentionally availed itself or himself of the benefits of California by publishing and disseminating the statements described herein; the controversy is related to the DEFENDANTS' contacts with California; and asserting personal jurisdiction would be fair and substantial.

12.     Venue is proper in this Court pursuant to California Code of Civil Procedure § 395A because the injuries described herein occurred in the County of San Francisco.

## STATEMENT OF FACTS

13.     PLAINTIFF is not a public figure.

14.     On or about September 14, 2023, DEFENDANT POULSON, as an individual and in his capacity as the Executive Director and Board member of TECH INQUIRY, through the SUBSTACK and AWS platforms, first published a sealed arrest report (the "sealed Incident Report")

3

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                    **Case No.**

1    and information related to the sealed Incident Report relating to PLAINTIFF.

2        15.    Upon information and belief, POULSON knew or should have known at all times that

3    the report had been sealed and that he was not authorized to disseminate it.

4        16.    From September 14, 2023 through the present, DEFENDANTS have knowingly

5    possessed the sealed Incident Report and information related to the sealed Incident Report.

6        17.    The issues contained in the sealed Incident Report do not concern matters of public

7    significance.  The issues are personal in nature and concern only private individuals' private lives.

8    The issues do not relate to PLAINTIFF'S employment.

9        18.    The sealed Incident Report published by DEFENDANTS included a unique

10   watermark identifier:  "Retrieved by A07034 on 5/17/22 at 10:37:33 AM."

11       19.    The sealed Incident Report was sealed by a court order entered three months earlier by

12   the Honorable Carolyn Gold dated February 17, 2022 (the "Court Order").

13       20.    According to the Court Order, "the arrest [was] deemed not to have occurred."

14   Accordingly, any statement that the arrest did occur is, by operation of law, not truthful.

15       21.    According to California Penal Code section 851.92(c), "Unless specifically authorized

16   by this section, a person or entity, other than a criminal justice agency or the person whose arrest was

17   sealed, who disseminates information relating to a sealed arrest is subject to a civil penalty of not less

18   than five hundred dollars ($500) and not more than two thousand five hundred dollars ($2,500) per

19   violation. The civil penalty may be enforced by a city attorney, district attorney, or the Attorney

20   General. This subdivision does not limit any existing private right of action. A civil penalty imposed

21   under this section shall be cumulative to civil remedies or penalties imposed under any other law."

22       22.    According to California Penal Code section 11143, "[a]ny person … who, knowing he

23   is not authorized by law to receive a record or information obtained from a record, knowingly buys,

24   receives, or possesses the record or information is guilty of a misdemeanor."

25       23.    Upon information and belief, and based on facts alleged herein, POULSON knew or

26   should have known at all times, and knows as of the date of this filing, that the sealed Incident Report

27   was sealed, and therefore that he was not permitted to possess or disseminate the sealed Incident

28   Report or information related to it.

4

24.     Despite this, DEFENDANTS repeatedly published and republished the sealed Incident Report and information related to the sealed Incident Report on October 13, 2023, November 20, 2023, December 19, 2023, and June 3, 2024 to his Substack blog and published related articles, causing the sealed Incident Report in his possession to be disseminated widely without legal authorization.

25.     In addition to the unauthorized publication and dissemination of the actual sealed Incident Report, DEFENDANTS repeatedly published the contents of the sealed Incident Report.  On October 13, 2023, DEFENDANTS published the contents of the sealed Incident Report with direct references to PLAINTIFF, PLAINTIFF'S EMPLOYER, and nearly every detail contained in the sealed Incident Report.  On November 20, 2023, DEFENDANTS again published a detailed description of the contents of the sealed Incident Report underneath a picture of PLAINTIFF and referring directly to PLAINTIFF by name and PLAINTIFF'S EMPLOYER.

26.     DEFENDANT POULSON admits that in or around November 2023 he called a client of PLAINTIFF'S EMPLOYER and an entity with whom PLAINTIFF had worked with and would potentially work with in the future and disclosed the existence and contents of the sealed Incident Report, expressly questioning whether this entity would continue to do business with PLAINTIFF and/or PLAINTIFF'S EMPLOYER as a result of the sealed Incident Report.  POULSON appears to have taken this action for the express purpose of interfering with PLAINTIFF'S existing and potential business relationships.

27.     TECH INQUIRY and POULSON also published the sealed Incident Report and information related to the sealed Incident Report on the TECH INQUIRY website.   These publications were made or appear to have been made on October 13, 2023, November 20, 2023, December 19, 2023, and June 3, 2024.

28.     Statements by POULSON that were published by all DEFENDANTS fail to state that the arrest was deemed by a Court "not to have occurred."

29.     Statements by POULSON that were published by all DEFENDANTS create the false and intentionally misleading understanding that PLAINTIFF was found guilty of the events described in POULSON'S statements and in the sealed Incident Report.  In POULSON'S initial publication on

1   September 14, 2023, POULSON did not indicate that the charges were dropped, but when

2   POULSON republished the sealed Incident Report, after receiving edits from SUBSTACK,

3   POULSON included language that the charges were dropped.

4          30.    Statements by POULSON that were published by all DEFENDANTS on December

5   29, 2023 indicate that PLAINTIFF'S EMPLOYER until December 10, 2023 "demanded" that

6   PLAINTIFF separate from PLAINTIFF'S EMPLOYER because of a felony domestic arrest.

7   California Labor Code Section 432.7 prohibits an employer from taking any action against an

8   employee for an arrest that does not lead to a conviction.  POULSON'S statements therefore

9   intentionally intimate that PLAINTIFF arrest led to a conviction.

10         31.    At all times and at least prior to the filing of this Complaint, all DEFENDANTS knew

11  or should have known that PLAINTIFF was never charged with any crime and that PLAINTIFF was

12  not found guilty of any crime.

13         32.    DEFENDANT SUBSTACK was involved in reviewing, editing, and deciding whether

14  to publish or withdraw from the publication of POULSON'S blog posts.  In or around June 2024,

15  SUBSTACK, through its Trust & Safety Team and after a review of POULSON'S blog posts, twice

16  temporarily unpublished POULSON'S blogs on this topic and demanded that POULSON edit his

17  blog posts to remove PLAINTIFF'S address.  POULSON'S SUBSTACK post expressly refers to

18  passages that were "censored by Substack."  Upon information and belief, SUBSTACK also was

19  involved in editing POULSON'S blogs by mandating or suggesting that he add language in 2024 that

20  "the charges were later dropped." POULSON complied with SUBSTACK'S edits, and

21  DEFENDANTS immediately republished content related to the sealed Incident Report and a link to

22  the sealed Incident Report.

23         33.    DEFENDANT SUBSTACK was informed multiple times, beginning in November

24  2023, about the illegal nature of the content.  Among other communications, PLAINTIFF and/or

25  PLAINTIFF'S counsel sent SUBSTACK written communication on April 26, 2024, June 23, 2024,

26  and September 13 and 20, 2024 that being in possession of, disseminating, and failing to take down

27  the sealed Incident Report and information related to the sealed Incident Report violated the Court

28  Order and California Penal Code §§ 851.91 and 851.92, as well as its own policies that prohibit the

publication of illegal content. Despite PLAINTIFF'S repeated requests and that SUBSTACK was on notice of its unlawful conduct that also violated its polices and was causing PLAINTIFF severe harm, SUBSTACK failed to remove the content, allowing the illegal dissemination to continue, resulting in significant harm to Plaintiff.

34.    By letter dated September 19, 2024, the City and County of San Francisco, Office of the City Attorney sent a letter to Substack titled "Notice of Publication of Sealed Document." In this letter, the Office of the City Attorney wrote to Substack:

> It has come to our office's attention that San Francisco Police Department … Incident Report as well as its contents have been published in multiple postings on your website. The Incident Report was previously sealed by court order. … Pursuant to California Penal Code section 851.92(c) and your own "Acceptable Use Policy," we expect that you will immediately remove the Incident Report and its contents from your website and ensure that the index to postings no longer allows for the Incident Report to be viewed or downloaded. Please alert us when the documents and its contents have been taken down from your website by no later than September 23, 2024. Finally, please refrain from publishing this material in the future.

35.    Upon information and belief, DEFENDANT SUBSTACK gained a competitive advantage over its competitors by unlawfully disseminating the sealed Incident Report and information related to the sealed Incident Report.

36.    PLAINTIFF also notified DEFENDANT AWS, which provides the hosting services for SUBSTACK, on September 13 and 20, 2024, about the illegal nature of the content hosted on Substack's platform, which included the sealed Incident Report.

37.    PLAINTIFF informed AWS that the content violated California Penal Code §§ 851.91 and 851.92, along with AWS's Terms of Service that prohibit the use of its infrastructure for illegal activities.

38.    Despite being notified of the illegal content on September 13, 2024, AWS has failed to act, continuing to provide hosting services that facilitate the ongoing illegal dissemination of the sealed Incident Report and information related to the sealed Incident Report.

39.     AWS's ongoing provision of hosting services to DEFENDANT SUBSTACK, after being informed of the illegal content on September 13, 2024, constitutes a violation of its own Terms of Service, specifically in the areas of compliance with laws, prohibition on illegal content, and violation of privacy rights.

40.     Upon information and belief, DEFENDANT AWS gained a competitive advantage over its competitors by unlawfully disseminating, through hosting SUBSTACK, the sealed Incident Report and related information.

41.     On September 16, 2024, PLAINTIFF notified DEFENDANTS POULSON and TECH INQUIRY of their unlawful conduct with respect to their unauthorized possession and dissemination of the sealed Incident Report and information related to the sealed Incident Report.  PLAINTIFF informed DEFENDANTS POULSON and TECH INQUIRY that is conduct violated California Penal Code §§ 166(a)(4) and 851.92(b)(5) and (c), among other relevant laws.  PLAINTIFF further requested that POULSON and TECH INQUIRY immediately take down all references to the sealed Incident Report and information related to the sealed Incident Report and that their conduct had caused and was causing PLAINTIFF substantial harm.

42.     POULSON and TECH INQUIRY failed and refused to remove any of the offensive publications.

43.     Newton Oldfather ("OLDFATHER") appears to have played critical role in the unlawful dissemination of the sealed Incident Report. OLDFATHER is currently a partner at the law firm of Lewis & Llewellyn, LLP and, according to his firm biography, previously served as an attorney for the San Francisco City Attorney's Office and the Department of Police Accountability (DPA), from November 2012 until April 2021.

44.     On May 3, 2022, OLDFATHER, who was involved in a litigation against PLAINTIFF'S EMPLOYER, initially requested the sealed Incident Report from the San Francisco Police Department (SFPD), but his request was denied because he lacked authorization.

45.     Despite this, OLDFATHER submitted a second request on May 9, 2022, which resulted in the release of the sealed report by the SFPD.

//

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                          **Case No.**

46.     The sealed Incident Report sent by the SFPD to OLDFATHER had the same unique identifier watermark that is on the copy of the sealed Incident Report published by DEFENDANTS.

47.     OLDFATHER was informed by the SFPD in July 2022 that the SFPD was not able to process his request for the Incident Report without authorization from the PLAINTIFF, which he did not have.

48.     In POULSON'S June 3, 2024 publication, POULSON acknowledged that he had been following the litigation in which OLDFATHER represented parties adverse to PLAINTIFF'S EMPLOYER.

49.     PLAINTIFF has suffered severe harm as a result of DEFENDANTS' actions described herein.  Amont other things, PLAINTIFF'S employment ended on December 10, 2023; PLAINTIFF'S reputation amongst his friends, family and business associates has been forever altered; PLAINTIFF has suffered severe emotional distress; PLAINTIFF has been unable to find subsequent employment, resulting in significant lost employment compensation and benefits; and PLAINTIFF has been forced to spend money to cure this situation that will haunt him the rest of his life.

**FIRST CLAIM FOR RELIEF**
**Negligence against all DEFENDANTS**

50.     PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

51.     PLAINTIFF claims that PLAINTIFF was harmed by DEFENDANTS' negligence, including but not limited to DEFENDANTS' (a) failure to determine that the Incident Report at issue had been the subject of the Sealing Order, (b) possession and public dissemination of a sealed Incident Report and information related to the sealed Incident Report, (c) decision to allow the sealed Incident Report and information related to the sealed Incident Report to remain publicly accessible, and (d) refusal to remove the sealed Incident Report and information related to the sealed Incident Report.  This conduct was in violation and total disregard of the Court Order, California statutes, the California constitution, and California public policy.

//

//

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                    **Case No.**

52.     DEFENDANTS had a duty to exercise reasonable care to PLAINTIFF, and particularly a duty to abide by the Court Order, California statutes, the California constitution, and California public policy.

53.     DEFENDANTS were negligent for the reasons described herein, including but not limited to acting in violation of and with total disregard for the Court Order, California statutes, the California constitution, and California public policy intended to protect PLAINTIFF and that expressly prohibited DEFENDANTS from being in possession of and/or disseminating the sealed Incident Report or information related to the sealed Incident Report.

54.     PLAINTIFF was harmed by DEFENDANTS' conduct.

55.     DEFENDANTS' negligence was a substantial factor, as well as the proximate or legal cause, in causing PLAINTIFF's harm.

56.     As a result of DEFENDANTS' negligence, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

**SECOND CLAIM FOR RELIEF**
**Gross Negligence against all DEFENDANTS**

57.     PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

58.     PLAINTIFF claims that PLAINTIFF was harmed by DEFENDANTS' negligence, including but not limited to DEFENDANTS' (a) failure to determine that the Incident Report at issue had been the subject of the Sealing Order, (b) possession and public dissemination of a sealed Incident Report and information related to the sealed Incident Report, (c) decision to allow the sealed Incident Report and information related to the sealed Incident Report to remain publicly accessible, and (d) refusal to remove the sealed Incident Report and information related to the sealed Incident Report.  This conduct was in violation and total disregard of the Court Order, California statutes, the California constitution, and California public policy.

//

//

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                                        **Case No.**

59.    In addition, DEFENDANTS SUBSTACK and AWS acted in disregard of their respective Accessible Use Policies by refusing to remove the sealed Incident Report and information related to the sealed Incident Report, even after PLAINTIFF ensured each had notice of their conduct.

60.    DEFENDANTS failed to exercise due care in a situation where the risk of harm is great and therefore gives rise to legal consequences harsher than those arising from negligence in less hazardous situations.

61.    PLAINTIFF was harmed by DEFENDANTS' conduct.

62.    DEFENDANTS' gross negligence was a substantial factor, as well as the proximate or legal cause, in causing PLAINTIFF's harm.

63.    As a result of DEFENDANTS' gross negligence, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

64.    The conduct of DEFENDANTS as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring PLAINTIFF, thereby entitling PLAINTIFF to an award of punitive damages in amounts to be proved at trial.

### THIRD CLAIM FOR RELIEF
**Intentional Interference with Prospective Economic Relations against all DEFENDANTS**

65.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

66.    PLAINTIFF claims that DEFENDANTS intentionally interfered with an economic relationship between PLAINTIFF and PLAINTIFF'S EMPLOYER and members of the Board of Directors of and entities and individuals who invested in PLAINTIFF'S EMPLOYER that probably would have resulted in an economic benefit to PLAINTIFF.

67.    PLAINTIFF and PLAINTIFF'S EMPLOYER and members of the Board of Directors of and entities and individuals who invested in PLAINTIFF'S EMPLOYER were in an economic relationship that probably would have resulted in an economic benefit to PLAINTIFF.

68.    DEFENDANTS knew of these relationships.

//

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                    **Case No.**

69.     DEFENDANTS engaged in wrongful and improper conduct, including but not limited to DEFENDANTS' failure to determine that the report at issue had been the subject of the sealing order, possession and public dissemination of a sealed Incident Report and information related to the sealed Incident Report, allowing the sealed Incident Report and information related to the sealed Incident Report to remain publicly accessible, and refusing to remove the sealed Incident Report and information related to the sealed Incident Report.  This conduct was in violation and total disregard of the Court Order, the California constitution, California public policy, and California statutes, including California Penal Code Sections 851.91, 851.92, and 11143, and California Labor Code Section 432.7(g)(3).

70.      By their conduct, DEFENDANTS intended to disrupt PLAINTIFF'S relationships described herein or knew that disruption of the relationships was certain or substantially certain to occur.

71.     PLAINTIFF'S relationships were disrupted.

72.     PLAINTIFF was harmed.

73.     DEFENDANTS' conduct described herein was a substantial factor in causing PLAINTIFF'S harm.

74.     As a result of DEFENDANTS' intentional interference with PLAINTIFF'S prospective economic relations, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

75.     The conduct of DEFENDANTS as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring PLAINTIFF, thereby entitling PLAINTIFF to an award of punitive damages in amounts to be proved at trial.

### FOURTH CLAIM FOR RELIEF
**Negligent Interference with Prospective Economic Relations against all DEFENDANTS**

76.     PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

//

12

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                     **Case No.**

77.     PLAINTIFF claims that DEFENDANTS negligently interfered with a relationship between PLAINTIFF and PLAINTIFF'S EMPLOYER and members of the Board of Directors of and entities and individuals who invested in PLAINTIFF'S EMPLOYER that probably would have resulted in an economic benefit to PLAINTIFF.

78.     PLAINTIFF and PLAINTIFF'S EMPLOYER and members of the Board of Directors of and entities and individuals who invested in PLAINTIFF'S EMPLOYER were in an economic relationship that probably would have resulted in a future economic benefit to PLAINTIFF.

79.     DEFENDANTS knew or should have known of these relationships.

80.     DEFENDANTS knew or should have known that these relationships would be disrupted if DEFENDANTS failed to act with reasonable care.

81.     DEFENDANTS failed to act with reasonable care.

82.     DEFENDANTS engaged in wrongful and improper conduct by the conduct described herein that violated the Court Order, California statutes, the California constitution, and California public policy.

83.     PLAINTIFF'S relationships were disrupted.

84.     PLAINTIFF was harmed.

85.     DEFENDANTS' wrongful conduct was a substantial factor in causing PLAINTIFF'S harm.

86.     As a result of DEFENDANTS' negligent interference with PLAINTIFF'S prospective economic relations, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

## FIFTH CLAIM FOR RELIEF
### Intentional Interference with Contractual Relations against all DEFENDANTS

87.     PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

88.     PLAINTIFF claims that DEFENDANTS intentionally interfered with the contract between PLAINTIFF and PLAINTIFF'S EMPLOYER.

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                        **Case No.**

89.    There was a contract between PLAINTIFF and PLAINTIFF'S EMPLOYER.

90.    DEFENDANTS knew of the contract between PLAINTIFF and PLAINTIFF'S EMPLOYER.

91.    DEFENDANTS' performance of the conduct described herein prevented performance of the contract or made performance of the contract more difficult by PLAINTIFF.

92.    DEFENDANTS intended to disrupt the performance of this contract or knew that disruption of performance was certain or substantially likely to occur.

93.    PLAINTIFF was harmed.

94.    DEFENDANTS' conduct was a substantial fact in causing PLAINTIFF'S harm.

95.    As a result of DEFENDANTS' intentional interference with PLAINTIFF'S contractual relations, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

96.    The conduct of DEFENDANTS as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring PLAINTIFF, thereby entitling PLAINTIFF to an award of punitive damages in amounts to be proved at trial.

## SIXTH CLAIM FOR RELIEF
### Public Disclosure of Private Facts against all DEFENDANTS

97.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

98.    Pursuant to California Constitution, Article 1, Section 1, "All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

99.    PLAINTIFF claims that DEFENDANTS violated PLAINTIFF'S right to privacy.

100.    DEFENDANTS publicized private information concerning PLAINTIFF.

101.    A reasonable person in PLAINTIFF'S position would consider the publicity highly offensive.

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                    **Case No.**

102.     DEFENDANT knew or acted with reckless disregard of the fact, that a reasonable person in PLAINTIFF'S position would consider the publicity highly offensive.

103.     The private information was not of legitimate public concern and did not have a substantial connection to a matter of legitimate public concern.

104.     PLAINTIFF was harmed.

105.     DEFENDANTS' conduct in disseminating this information and refusing to take down this information was a substantial factor in causing PLAINTIFF'S harm.

106.     As a result of DEFENDANTS' public disclosure of private facts, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

107.     The conduct of DEFENDANTS as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring PLAINTIFF, thereby entitling PLAINTIFF to an award of punitive damages in amounts to be proved at trial.

## SEVENTH CLAIM FOR RELIEF
### False Light against all DEFENDANTS

108.     PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

109.     PLAINTIFF claims that DEFENDANTS violated PLAINTIFF'S right to privacy.

110.     DEFENDANTS publicly disclosed information or material that showed PLAINTIFF in a false light.

111.     The false light created by the disclosure would be highly offensive to a reasonable person in PLAINTIFF'S position.

112.     There is clear and convincing evidence that DEFENDANTS knew the disclosure would create a false impression about PLAINTIFF or acted with disregard for the truth, including but not limited to PLAINTIFF'S notifying DEFENDANTS that the disclosure crated a false impression about PLAINTIFF.

113.     DEFENDANTS were negligent in determining the truth of the information or whether a false impression would be created by the disclosure.

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                 **Case No.**

114.    PLAINTIFF was harmed.

115.    PLAINTIFF sustained harm to his profession, occupation, and reputation, including but not limited to money spent as a result of the statement.

116.    DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF'S harm.

117.    As a result of DEFENDANTS' depicting PLAINTIFF in a false light, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

118.    The conduct of DEFENDANTS as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring PLAINTIFF, thereby entitling PLAINTIFF to an award of punitive damages in amounts to be proved at trial.

## EIGHTH CLAIM FOR RELIEF
### Intrusion into Private Affairs against all DEFENDANTS

119.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

120.    PLAINTIFF claims that DEFENDANTS violated PLAINTIFF'S right to privacy.

121.    PLAINTIFF had a reasonable expectation of privacy in the sealed Incident Report and information related to the sealed Incident Report, the privacy of which was guaranteed to PLAINTIFF by the Court Order and applicable California statutes.

122.    DEFENDANTS intentionally intruded in PLAINTIFF'S reasonable expectation of privacy in the sealed Incident Report and information related to the sealed Incident Report when DEFENDANTS publicly disseminated and refused to take down this information that DEFENDANTS were legally prohibited from having in their possession and disseminating.

123.    DEFENDANTS' intrusion would be highly offensive to a reasonable person.

124.    PLAINTIFF was harmed.

125.    DEFENDANTS' conduct in disseminating this information and refusing to take down this information was a substantial factor in causing PLAINTIFF'S harm.

//

//

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                    **Case No.**

126.    As a result of DEFENDANTS' intrusion into private affairs, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

127.    The conduct of DEFENDANTS as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring PLAINTIFF, thereby entitling PLAINTIFF to an award of punitive damages in amounts to be proved at trial.

**NINTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress against all DEFENDANTS**

128.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

129.    PLAINTIFF claims that DEFENDANTS conduct caused PLAINTIFF to suffer severe emotional distress.

130.    DEFENDANTS' conduct was outrageous and so extreme as to exceed all bounds of that usually tolerated in a civilized community.  Among other things, DEFENDANTS' conduct violated the Court Order, California statutes, and California public policy.

131.    DEFNDANTS intended to cause PLAINTIFF emotional distress or acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress, knowing that PLAINTIFF was present when the conduct occurred.

132.    PLAINTIFF suffered severe emotional distress.

133.    DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF'S severe emotional distress.

134.    The conduct of DEFENDANTS as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring PLAINTIFF, thereby entitling PLAINTIFF to an award of punitive damages in amounts to be proved at trial.

**TENTH CLAIM FOR RELIEF**
**Negligent Infliction of Emotional Distress against all DEFENDANTS**

135.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

*JOHN DOE v. SUBSTACK INC., ET AL.*
COMPLAINT                                                                    Case No.

136.     DEFENDANTS were negligent in obtaining, disseminating, and refusing to take down the sealed Incident Report and information related to the sealed Incident Report.

137.     PLAINTIFF suffered serious emotional distress.

138.     DEFENDANTS' negligence was a substantial factor in causing PLAINTIFF'S serious emotional distress.

**ELEVENTH CLAIM FOR RELIEF**
**Defamation against all DEFENDANTS**

139.     PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

140.     PLAINTIFF claims that DEFENDANTS harmed PLAINTIFF by making one or more of the following statements:  PLAINTIFF'S EMPLOYER demanded that PLAINTIFF separate from his employment because of a felony domestic violence arrest, which, among other things, intimates that PLAINTIFF was convicted of a crime; and DEFENDANTS stated that PLAINTIFF was "arrested" when it was "deemed not to have occurred."

141.     DEFENDANTS made one or more public statement to persons other than PLAINTIFF, including but not limited to posts written, published, and republished by POULSON and published and republished by SUBSTACK, AWS, and TECH INQUIRY dated October 13, 2023, November 20, 2023, December 19, 2023, and June 3, 2024.

142.     It was reasonably understood that these statements were about PLAINTIFF, who was directly named and identified.

143.     Persons reasonably understood the statements to mean that PLAINTIFF had committed a crime that resulted in PLAINTIFF'S EMPLOYER demanding his separation from the EMPLOYER and/or that PLAINTIFF's arrest had occurred.

144.     DEFENDANTS' statements were reasonably understood to mean that PLAINTIFF had committed a crime because California Labor Law Section prohibits an employer from taking any action against an employee for an arrest that does not lead to a conviction.

145.     DEFENDANTS' statements also state that the arrest occurred, when, according to the Court Order, "the arrest is deemed not to have occurred."

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                                    **Case No.**

146. DEFENDANTS failed to use reasonable care to determine the truth or falsity of the statement or DEFENDANTS knew their statements were false.

147. DEFENDANTS acted with actual malice because DEFENDANTS knew the statements were false or acted with reckless disregard of the statements' falsity.

148. As a result of DEFENDANTS' defamation, PLAINTIFF has suffered and will continue to suffer severe harm, including but not limited to emotional harm, loss of income, reputational harm, and additional economic damages to be presented at trial.

149. The conduct of DEFENDANTS as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring PLAINTIFF, thereby entitling PLAINTIFF to an award of punitive damages in amounts to be proved at trial.

## TWELFTH CLAIM FOR RELIEF
### Unfair Business Practices against all SUBSTACK and AWS

150. PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

151. As set forth more fully herein, DEFENDANTS' conduct was unlawful, unfair, and constituted an unfair business practice in violation of California Business and Professions Code Section 17200.

152. Among other things, DEFENDANTS SUBSTACK and AWS conduct violated multiple California statutes, the California constitution, and the Court Order designed to protect PLAINTIFF'S privacy and safeguard his fundamental rights.

153. DEFENDANTS SUBSTACK'S and AWS'S practices described herein – including possessing and disseminating the sealed Incident Report and information related to the sealed Incident Report and refusal to remove this information – offended established public policy, that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, or has an impact on PLAINTIFF that outweighs DEFENDANTS' reasons, justifications, and motives for the practice.

154. The public policy at issue here is tethered to California Constitution Article 1, Section 1 and the specific statutes addressed herein intended to protect the privacy of individuals who are

arrested and, in particular, protect those individuals from experiencing adverse employment acts because of such arrests.

155.    As a result of DEFENDANTS SUBSTACK'S and AWS'S unfair business practices, PLAINTIFF suffered injury in fact, including but not limited to loss of money.

156.    PLAINTIFF seeks to recover all available relief for violations of California Business & Professions Code Section 17200, including but not limited to restitution, disgorgement of profits and any amounts by which they have been unjustly enriched as a result of their wrongful conduct, appoint of a receiver, constructive trust, and in injunction prohibiting SUBSTACK and AWS from engaging in the unfair business practices alleged herein.

## THIRTEENTH CAUSE OF ACTION
### Violation of California Constitution, Article I, § 1 against all DEFENDANTS

157.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

158.    "For every wrong there is a remedy." (Civ.Code § 3523)

159.    California's Constitution guarantees all people certain "inalienable rights," including "pursuing and obtaining … privacy." Ca Const Art. 1, § 1.

160.    Included in the protections afforded by the California Constitution is the individual interest in avoiding disclosure of personal matters.

161.    The sealed Incident Report and the contents of the sealed police contained intimate facts of a personal nature well within the ambit of material entitled to privacy protection.

162.    By virtue of the Court Order sealing the report, California Penal Code Section 851.92, and the public policy of California, PLAINTIFF was entitled to privacy protection with respect to the sealed Incident Report and its contents.

163.    The sealed Incident Report and its contents were not a matter of public significance.

164.    Accordingly, DEFENDANTS violated PLAINTIFF'S Constitutional right to privacy when it disseminated the sealed Incident Report and its contents.

165.    This violation has caused and continues to cause PLAINTIFF harm.

//

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                    **Case No.**

## FOURTEENTH CAUSE OF ACTION
**Violation of California Penal Code Section 851.92(c) against all DEFENDANTS**

166.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

167.    "The violation of a statute gives to any person within the statute's protection a right of action to recover damages caused by its violation." *Palo Alto-Menlo Park Yellow Cab Co., v. Santa Clara County Transit Dist.* (1976) 65 Cal.App.3d 121, 131, 135 Cal.Rptr. 192.

168.    Section 851.92(c) prohibits any unauthorized person or entity from disseminating information related to a sealed Incident Report.

169.    In addition to the civil penalties described in Section 851.92(c), this Section also contemplates a private right of action stemming from the violation of this provision.

170.    By the conduct described herein, DEFENDANTS violated Section 851.92(c) by disseminating the sealed Incident Report and information related to the sealed Incident Report.

171.    DEFENDANTS' conduct caused and continues to cause PLAINTIFF harm.

## FIFTEENTH CAUSE OF ACTION
**Violation of California Penal Code Section 11143 against all DEFENDANTS**

172.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs as though set forth fully herein.

173.    California Penal Code section 11143 makes it unlawful for any person who "knowingly buys, receives, or possesses [a sealed arrest record] or information".

174.    The California Supreme Court held that "such materials are virtually treated as contraband, as it is further declared that any unauthorized person who knowingly 'buys, receives, or possesses' such a record or information is also guilty of a misdemeanor. (s 11143.)" *Loder v. Mun Court*, 533 P.3d 624, 628-30 (Cal. 1976).

175.    By the conduct described herein, Defendants violated this section because they received and are in possession of the sealed arrest record and information.

176.    DEFENDANTS' conduct caused and continues to cause PLAINTIFF harm.

//

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                                                    **Case No.**

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests that this Court grant PLAINTIFF relief as follows:

1. Entry of a preliminary injunction, followed by a permanent injunction that:

   i. Compels all DEFENDANTS to immediately remove the sealed police and all information related to the sealed Incident Report, including but not limited to its contents, and ensure that the index to postings no longer allows for the sealed Incident Report to be viewed or downloaded;

   ii. Compels all DEFENDANTS to immediately remove and eliminate access to all URLs that include reference to the sealed Incident Report or information related to the sealed Incident Report;

   and

   iii. Enjoins all DEFENDANTS from disseminating directly or indirectly the sealed Incident Report or information related to the sealed Incident Report;

2. General damages for harm to reputation, humiliation mental anguish and emotional distress;

3. Compensatory damages for lost pay and benefits;

4. Disgorgement;

5. Liquidated damages;

6. Punitive damages;

7. Applicable interest on PLAINTIFF'S damages;

8. Attorney's fees;

9. Costs of the suit;

10. Injunctive relief; and

11. Such relief as the Court may deem just and proper.

//

//

//

//

22

*JOHN DOE v. SUBSTACK INC., ET AL.*
COMPLAINT                                                                    Case No.

1

## JURY DEMAND

2      PLAINTIFF hereby respectfully demands a jury trial on each of the Causes of Action set forth

3  above.

4

5  Dated: 2nd day of October 2024

6

7                              Respectfully Submitted,
                               THE MAREK LAW FIRM, INC.
8
                               BY: _David Marek_
9                              David Marek

10

11                             *Attorney for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*JOHN DOE v. SUBSTACK INC., ET AL.*
**COMPLAINT**                                              Case No.