Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on ▮▮ 2023 ▮▮
Reviewed By: T. Phan
Case ▮▮
Envelope: ▮▮

T. Phan

1  GRELLAS SHAH LLP
   DHAIVAT H. SHAH, ESQ. (SBN 196382)
2  (ds@grellas.com)
   DAVID I. SIEGEL, ESQ. (SBN 264247)
3  (dsiegel@grellas.com)
   ERIN M. ADRIAN, ESQ. (SBN: 228718)
4  (ema@grellas.com)
5  SETH K. KUGLER (SBN 304668)
   (skugler@grellas.com)
6  20400 Stevens Creek Blvd, Suite 280
   Cupertino, CA 95014
7  Telephone: (408) 255-6310
8  Facsimile: (408) 255-6350

9  Attorneys for Plaintiff ▮▮
10 ▮▮ Corporation

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                    COUNTY OF SANTA CLARA

13 ▮▮                              Case No.: ▮▮
14    ▮▮ Corporation                (consolidated with Case No.: ▮▮)
15          Plaintiff,              **DECLARATION OF ▮▮
                                    IN SUPPORT OF ▮▮**
16    v.                            **'S MOTION FOR
                                    PROTECTIVE ORDER LIMITING PMQ
17 ▮▮                               DEPOSITION TOPIC #11**
18    ▮▮, inclusive,
19          Defendants.

20
21
22
23
24
25
26
27
28

▮▮ DECLARATION ISO MOTION FOR PROTECTIVE ORDER LIMITING PMQ TOPIC #11

1  I, ▮▮▮▮ declare as follows:
2      1.    I am the Chief Executive Officer of ▮▮▮▮
3  ▮▮▮▮ is the plaintiff in the above-captioned consolidated action
4  ▮▮▮▮ Santa Clara Superior Court Case No. ▮▮▮▮ (the "Consolidated
5  Action"). I have personal knowledge of the facts stated herein. If called upon as a witness, I
6  could and would testify competently to the following facts.
7      2.    ▮▮▮▮ has clients in the military and intelligence sectors, which represent a
8  portion of its overall client base.
9      3.    ▮▮▮▮'s engagement agreements with clients in the military and intelligence
10 sectors contain strict confidentiality provisions which expressly prohibit ▮▮▮▮ from
11 disclosing the engagement, including the identity of the client and the nature of the work
12 contemplated by the agreement. It is ▮▮▮▮'s understanding, based on communications with
13 these military and intelligence clients, that confidentiality of these engagements is critical
14 because many of ▮▮▮▮'s military and intelligence clients and projects deal with sensitive
15 and highly-confidential information relating to national security.
16     4.    Key ▮▮▮▮ personnel, including myself, hold security clearance with the
17 United States Department of Defense and a number of military and intelligence clients require
18 ▮▮▮▮ personnel to maintain a security clearance for the exchange of information. ▮▮▮▮
19 itself holds a Facility Security Clearance (FCL), which allows it to perform contracts involving
20 access to classified information. ▮▮▮▮ is required to maintain certain internal security
21 controls, including only discussing classified information within closed meetings of cleared
22 personnel, in order to maintain the FCL.
23     5.    If ▮▮▮▮ is unable to maintain the confidentiality of the identities of these
24 military and intelligence clients in this civil litigation, this would cause ▮▮▮▮ incalculable
25 business harm because it is ▮▮▮▮'s understanding that its ability to obtain work from these
26 clients is conditioned on its ability to honor its commitment not to divulge this information
27 under any circumstances.
28

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1
▮▮▮▮ DECL. ISO MOTION FOR PROTECTIVE ORDER LIMITING PMQ TOPIC #11

6. Further, given that these secrecy and confidentiality requirements under which ▮ offers services to these clients are to safeguard national security, if ▮ is required by this Court to divulge such information, it could compromise national security.

7. Moreover, should this information be disclosed, it could directly endanger ▮'s contributors around the world, who may be wrongly perceived as working for military or intelligence clients simply by virtue of having the ▮ app on their phones.

8. As a final point, beyond its confidentiality obligation to these clients and the national security concerns, ▮ maintains the identity of these clients and the work done for them as a closely-guarded trade secret. That these particular clients have a need for the data services ▮ is providing and the exact scope of these services, as well as the manner in which ▮ provides services and meets the needs of these customers, is information that derives its value from not being known to the public or ▮'s competitors because this information can be used to validate non-public market or customer needs and aid competitors in competing against ▮.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration ▮ executed at San Francisco, California, on ▮ 2023.