Adam Steinbaugh, Cal. Bar No. 304829
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone:   (215) 717-3473
Email:         adam@thefire.org

JT Morris, Tex. Bar No. 24094444*
Zachary T. Silver, D.C. Bar No. 1742271*
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
700 Pennsylvania Ave., SE; Ste. 340
Washington, D.C. 20003
Telephone:   (215) 717-3473
Email:         jt.morris@thefire.org
Email:         zach.silver@thefire.org

David Loy, Cal. Bar No. 229235
David Snyder, Cal. Bar No. 262001
FIRST AMENDMENT COALITION
534 4th Street, Suite B
San Rafael, CA 94901-3334
Telephone:   (415) 460-5060
Email:         dloy@firstamendmentcoalition.org
Email:         dsnyder@firstamendmentcoalition.org

*Attorneys for Plaintiffs*
* Pro hac vice *application forthcoming*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIRST AMENDMENT COALITION, VIRGINIA LAROE, and EUGENE VOLOKH,<br><br>             Plaintiffs,<br><br>    v.<br><br>DAVID CHIU, in his official capacity as City Attorney of San Francisco; and ROB BONTA, in his official capacity as Attorney General of California,<br><br>             Defendants. | Civil Case No. 3:24-cv-08343-TSH<br><br>**DECLARATION OF VIRGINIA LAROE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

— 1 —
DECLARATION OF VIRGINIA LAROE

Under 28 U.S.C. § 1746, I, VIRGINIA LAROE, declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts set forth in this declaration, and if called to testify as a witness, could do so competently under oath.

2. I am a Plaintiff in this action. I am known professionally as Ginny LaRoe.

3. I am the Advocacy Director for the First Amendment Coalition, or FAC, where I direct our public policy advocacy, with a focus on protecting and advancing free speech, a free press and government transparency in California.

4. I have also been a journalist. Before I joined FAC, I worked as a reporter and editor at newspapers in five states, focusing on the criminal justice system and local government.

5. As a former journalist, I focus my work on advancing press rights, work that was recognized this month by the Society of Professional Journalists, Northern California Chapter, which honored me with its Distinguished Service to Journalism Award.

6. FAC is a nonpartisan public interest nonprofit dedicated to protecting and promoting a free press, freedom of expression, and the people's right to know.

7. As part of FAC's mission, staff at FAC, including myself, regularly speak publicly about issues affecting freedom of the press, freedom of expression and government transparency.

8. FAC's advocacy takes place in the press, in public letters to lawmakers and other officials, on FAC's website (https://www.firstamendmentcoalition.org), and in other public venues.

9. I have read posts and materials published by Jack Poulson relevant to the subject matter of the Complaint filed in this action.

10. I have read the arrest report (also called an "incident report") that Poulson posted.

11. The copy of the arrest report Poulson posted was available to the public, and to my knowledge, remains available to the public.

12.     I have also read three letters sent by Deputy City Attorney Jennifer Choi to Poulson's lawyer and to Substack, Inc., the company that hosts Poulson's publication. These letters are attached as Exhibits 2, 4, and 5 to the Declaration of Adam Steinbaugh.

13.     I understand from Choi's letters that the arrest report Poulson posted has been sealed by a California state court.

14.     In these letters, Choi demanded that Poulson and Substack "immediately remove" the arrest report, that Poulson "take down the posts related to the Incident Report," and that they "refrain from publishing this material in the future."

15.     Choi sent these letters "[p]ursuant to California Penal Code section 851.92(c)," which provides a civil penalty of up to $2,500 for any "person or entity . . . who disseminates information relating to a sealed arrest." Cal. Penal Code § 851.92(c).

16.     I have also read several emails, which I understand to have been released by the City Attorney's office in response to a public records request, between Choi and the executive's attorney and Choi and the executive himself discussing efforts to suppress Poulson's reporting of information about the sealed arrest. These include the emails attached to the Declaration of Adam Steinbaugh as Exhibits 1, 3, and 7.

17.     I have also read the Complaint, attached to the Declaration of Adam Steinbaugh as Exhibit 6, in *Doe v. Substack, Inc.*, No. CGC-24-618681 (Cal. Super. Ct. County of S.F. filed Oct. 3, 2024).

18.     FAC, including myself, wants to comment publicly, including in the press, on FAC's own website, and in public letters to lawmakers or other officials about the efforts by the technology executive and the government to suppress Poulson's publication as examples of risks to press freedom and transparency.

19.     Bringing public attention to the executive's lawsuit, which attempts to censor coverage of his arrest, is important to educate the public about speech- and press-chilling lawsuits and advancing FAC's mission.

DECLARATION OF VIRGINIA LAROE

20. Bringing attention to the fact that a state court sealed a prominent executive's arrest is also an important press freedom and government transparency issue, worthy of informing the public, and important to advancing FAC's mission.

21. On behalf of FAC, I co-authored an opinion piece critical of the executive's censorship campaign and the City Attorney's participation in it.

22. The piece includes information about the publicly available sealed arrest record.

23. The opinion piece was published by a San Francisco newspaper.

24. In addition to the published opinion piece, I drafted an open letter that I intended to send to the San Francisco City Attorney and publish on our website or in another outlet.

25. The open letter I drafted includes additional details from the arrest report that I did not include in my published opinion piece.

26. In addition to the published opinion piece, I (or my colleagues at FAC) want to send public letters to lawmakers, post on social media, and comment in media interviews about the same information targeted by the San Francisco City Attorney.

27. Still, FAC and I are concerned about the potential for enforcement of California Penal Code Section 851.92(c), which provides a civil penalty of up to $2,500 for any "person or entity . . . who disseminates information relating to a sealed arrest."

28. FAC and I are concerned that each time we disseminate information relating to a sealed arrest, we will be subject to an additional civil penalty.

29. For those reasons, even though we intend to publish and comment in the future on the *Doe v. Substack* lawsuit, the executive's and City Attorney's efforts to suppress information about the arrest record, the state court's decision to seal a technology executive's arrest record, and the policy adopted by California to prohibit speech on these topics, we are restraining ourselves from doing so and avoiding commentary we would otherwise freely undertake.

30. Because what FAC and I intend to write includes "information relating to a sealed arrest," *i.e.*, the executive's name and other details from the arrest report, we fear our advocacy and commentary will expose us to Section 851.92(c)'s civil penalty.

31. Because the statute prohibits publishing information "related to" a sealed arrest, we fear that even publishing and commenting on the *Doe v. Substack* lawsuit or the sealing court's order could expose us, or further expose us, to civil penalty.

32. The City Attorney's demand to Poulson's attorney, using Section 851.92(c) to coerce Poulson into removing his report about the executive, causes FAC and myself even more apprehension about publishing my commentary about the lawsuit and the underlying sealed arrest, especially because we intend to publish information about the sealed arrest similar to what Poulson published.

33. I believe that there is legitimate public interest in the arrest report, the executive's attempts to suppress reporting about the arrest report, and government officials' support of those attempts, especially as those topics relate to the need to repeal or amend existing legislation that infringes on First Amendment rights and prevent similar future legislation.

34. Each day that California Penal Code section 851.92(c) remains in force is causing irreparable harm, as it frustrates FAC's ability to freely comment on an ongoing matter that is both newsworthy and of legitimate public interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Oakland, California, on November 22, 2024.

_____
Virginia LaRoe