Adam Steinbaugh, Cal. Bar No. 304829
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone:    (215) 717-3473
Email:        adam@thefire.org

JT Morris, Tex. Bar No. 24094444*
Zachary T. Silver, D.C. Bar No. 1742271*
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
700 Pennsylvania Ave., SE; Ste. 340
Washington, D.C. 20003
Telephone:    (215) 717-3473
Email:        jt.morris@thefire.org
Email:        zach.silver@thefire.org

David Loy, Cal. Bar No. 229235
David Snyder, Cal. Bar No. 262001
FIRST AMENDMENT COALITION
534 4th Street, Suite B
San Rafael, CA 94901-3334
Telephone:    (415) 460-5060
Email:        dloy@firstamendmentcoalition.org
Email:        dsnyder@firstamendmentcoalition.org

*Attorneys for Plaintiffs*
\* Pro hac vice *application forthcoming*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRST AMENDMENT COALITION, VIRGINIA LAROE, and EUGENE VOLOKH,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID CHIU, in his official capacity as City Attorney of San Francisco; and ROB BONTA, in his official capacity as Attorney General of California,<br><br>Defendants. | Civil Case No. 3:24-cv-08343-TSH<br><br>**DECLARATION OF EUGENE VOLOKH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

— 1 —
DECLARATION OF EUGENE VOLOKH

Under 28 U.S.C. § 1746, I, EUGENE VOLOKH, declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts set forth in this declaration, and if called to testify as a witness, could do so competently under oath.

2. I am a Plaintiff in this action.

3. I am a Senior Fellow at the Hoover Institution at Stanford University.

4. I am also a Professor of Law Emeritus at UCLA School of Law.

5. I specialize in the First Amendment and related topics. Over my career, I have taught First Amendment law, published many works about First Amendment and free speech issues, and commented in various publications and to the media about those issues.

6. For over 20 years, I have written, edited, and published a legal blog, *The Volokh Conspiracy*, which *Reason Magazine* now hosts at https://reason.com/volokh.

7. A substantial number of readers of *The Volokh Conspiracy* reside or work in the City of San Francisco.

8. On my blog posts, I routinely post and link to source documents to inform readers and assure them that my accounts are accurate and my opinions are credible.

9. I regularly publish and comment about access to government records, defamation, the impacts of civil harassment orders on free speech, and anonymous litigants on *The Volokh Conspiracy*.

10. For example, earlier this year, I wrote about a district court case involving a gag order over disclosing a pseudonymous litigant's name or other identifying information. Litigation. Eugene Volokh, *District Court Rejects Magistrate Judges' Gag Order on Publishing Name of Retroactively Pseudonymized Litigant*, Volokh Conspiracy (July 17, 2024, 11:03 AM), https://reason.com/volokh/2024/07/17/district-court-rejects-magistrate-judges-gag-order-on-publishing-name-of-retroactively-pseudonymized-litigant.

11. As another example, I've published a blog piece about a lawyer's demand that an expunged arrest also disappear from a newspaper article about the arrest. Eugene Volokh, *The Arrest and Alleged Charges No Longer Exist—as If It Never Happened*,

Volokh Conspiracy (Aug. 8, 2018, 9:28 AM), https://reason.com/volokh/2018/08/08/the-arrest-and-alleged-charges-no-longer; *see also* Eugene Volokh, *No Legal Duty to Remove or Update Accurate Report of Arrest, Even After Charges Were Dismissed*, Volokh Conspiracy (Sept. 25, 2024, 9:06 AM), https://reason.com/volokh/2024/09/25/no-legal-duty-to-remove-or-update-accurate-report-of-arrest-even-after-charges-were-dismissed; Eugene Volokh, *Statute Allowing 'Erasure' of Arrest Records Doesn't Require Newspapers to Erase News Stories*, Volokh Conspiracy (Jan. 28, 2015, 10:53 AM), https://reason.com/volokh/2015/01/28/statute-allowing-erasure-of-ar.

12. I have read the Complaint, attached to the Declaration of Adam Steinbaugh as Exhibit 6, in *Doe v. Substack, Inc.*, No. CGC-24-618681 (Cal. Super. Ct. County of S.F. filed Oct. 3, 2024).

13. When I learned about that 15-count lawsuit against a journalist based on his article disclosing information from a sealed arrest record, and when I learned about the San Francisco City Attorney's involvement in attempting to suppress the journalist's reporting, I became very interested in writing about it. The lawsuit and the events leading up to it implicate many of the First Amendment, free speech, and government records issues that I regularly write about for *The Volokh Conspiracy*.

14. In investigating the issue, I read posts and materials published by Jack Poulson. I have read the arrest report (also called an "incident report") that Poulson posted.

15. The copy of the arrest report Poulson posted was available to the public, and to my knowledge, remains available to the public.

16. I have also read three letters sent by Deputy City Attorney Jennifer Choi to Poulson's lawyer and to Substack, Inc., the company that hosts Poulson's publication. These letters are attached as Exhibits 2, 4, and 5 to the Declaration of Adam Steinbaugh.

17. I understand from Choi's letters that the arrest report Poulson posted has been sealed by a California state court.

18. In these letters, Choi demanded that Poulson and Substack "immediately remove" the arrest report, that Poulson "take down the posts related to the Incident Report," and that they "refrain from publishing this material in the future."

19. Choi sent these letters "[p]ursuant to California Penal Code section 851.92(c)," which provides a civil penalty of up to $2,500 for any "person or entity . . . who disseminates information relating to a sealed arrest." Cal. Penal Code § 851.92(c).

20. I have also read several emails, which I understand to have been released by the City Attorney's office in response to a public records request, between Choi and the executive's attorney and Choi and the executive himself discussing efforts to suppress Poulson's reporting of information about the sealed arrest. These include the emails attached to the Declaration of Adam Steinbaugh as Exhibits 1, 3, and 7.

21. Because of my expertise and the usual topics I publish and comment on, I intend to write in detail about the *Doe v. Substack* lawsuit, the City Attorney's efforts to suppress the arrest record, and other matters concerning the intersection of the First Amendment, free speech, and disclosing information in sealed arrest records.

22. To that end, I intend to publish the name of the technology executive, details from the arrest report, a copy of the arrest report that is publicly available on Poulson's Substack newsletter (or possibly a link to the arrest report), and information about the various civil lawsuits involving the executive and his former company, including his pseudonymous lawsuit against Poulson.

23. But as of now, I am not writing and publishing on these issues, including publishing any information from the arrest report or the pseudonymous lawsuit, because I am concerned that doing so will expose me to civil penalty under California Penal Code Section 851.92(c).

24. What I intend to write includes "information relating to a sealed arrest," *i.e.*, the executive's name, details from the arrest report, and their relationship to the executive's lawsuit.

25. Because the statute prohibits publishing information simply "related to" a sealed arrest, I fear that even publishing and commenting on the executive's pseudonymous lawsuit could expose me to civil penalty.

26. The City Attorney's demand to Poulson's attorney, using Section 851.92(c) to coerce Poulson into removing his report about the executive, causes me even more apprehension about publishing my commentary about the lawsuit and the underlying sealed arrest.

27. Because I am also a California attorney, I do not want to violate the California Penal Code, particularly because Rule 8.4(d) of the California Rules of Professional Conduct make it "professional misconduct" to "engage in conduct that is prejudicial to the administration of justice."

28. I do not believe that posting publicly available information of legitimate public interest is "conduct that is prejudicial to the administration of justice," but California appears to have made a contrary policy decision by enacting Penal Code section 851.92(c).

29. Instead, I believe that the administration of justice is served by accurate public commentary and discussion of legal affairs, and that the First Amendment protects the right to publish lawfully obtained information of public concern.

30. I believe that there is legitimate public interest in the arrest report, the executive's attempts to suppress reporting about the arrest report, and government officials' support of those attempts.

//
//
//
//
//
//

31. Each day that California Penal Code section 851.92(c) remains in force is causing irreparable harm, as it delays my ability to write about these events as they transpire.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Los Angeles, California, on November. 24, 2024.

Signed by:

Eugene Volokh