DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
TARA M. STEELEY, State Bar #231775
KAITLYN M. MURPHY, State Bar #293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-6762 (Murphy)
Facsimile:     (415) 554-4699
E-mail:        kaitlyn.murphy@sfcityatty.org

Attorneys for Defendant
DAVID CHIU, in his official capacity as City Attorney
of the City and County of San Francisco
[Erroneously referred to as "City Attorney of San Francisco"]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AMENDMENT COALITION, VIRGINIA LAROE, and EUGENE VOLOKH,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>DAVID CHIU, in his official capacity as City Attorney of San Francisco; and ROB BONTA, in his official capacity as Attorney General of California,<br><br>　　　　Defendants. | Case No. 24-cv-08343-RFL<br><br>**DEFENDANT CITY ATTORNEY DAVID CHIU'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND RELATED DOCUMENTS (ECF NOS. 11-3 THROUGH 11-21) TO PRESERVE THE STATUS QUO**<br><br>Trial Date:　　　　None set. |

Pursuant to Civil Local Rules 79-5 and 7-11, Defendant David Chiu, in his official capacity ("San Francisco" or "City") respectfully submits this administrative motion for an order sealing certain documents and information submitted in support of Plaintiffs' Motion For Preliminary Injunction ("PI Motion", ECF Nos. 11-3 to 11-28). San Francisco moves to seal portions of the following filings to preserve the status quo:

- Plaintiffs' Motion for a Preliminary Injunction (ECF No. 11-3);
- Steinbaugh Declaration In Support of PI Motion (ECF No. 11-5);
- Exhibit 2 to Steinbaugh Declaration In Support of PI Motion (ECF No. 11-8);
- Exhibit 3 to Steinbaugh Declaration In Support of PI Motion (ECF No. 11-10);
- Exhibit 4 to Steinbaugh Declaration In Support of PI Motion (ECF No. 11-12);
- Exhibit 5 to Steinbaugh Declaration In Support of PI Motion (ECF No. 11-14);
- Exhibit 7 to Steinbaugh Declaration In Support of PI Motion (ECF No. 11-17); and
- Exhibit 8 to Steinbaugh Declaration In Support of PI Motion (ECF No. 11-19).

San Francisco separately includes a chart in the Declaration of Kaitlyn Murphy ("Murphy Decl.") setting forth the page and line numbers of the content it seeks to seal, as well as the basis for each proposed sealing request given the volume of protected information in Plaintiffs' filings. Murphy Decl. ¶¶ 2-5.

Plaintiffs' lawsuit brings a facial and as-applied challenge to California Penal Code section 851.92, arguing its provisions which seal certain arrest record information are inconsistent with the First Amendment. Plaintiffs' as-applied challenge concerns the arrest of a specific CEO. The City's sealing requests primarily concern the following three categories of information: (1) the name of the CEO whose arrest is at the core of this litigation; (2) the name of the company for which this individual was the CEO; and (3) links to articles that disclose details of the sealed Incident Report. Plaintiffs' Administrative Motion to File Provisionally Under Seal Portions Of Its Motion For A Preliminary Injunction (ECF No. 11), asks the Court to order that portions of the PI Motion remain provisionally under seal. (ECF No. 11-2.) San Francisco agrees the Court should keep the records under seal while it considers the constitutionality of California Penal Code section 851.92 to preserve the status quo.

Sealing is appropriate under the "compelling reasons" standards because the information San Francisco seeks to seal either (1) contains private information of a third-party that is protected by statute, a state court has ordered sealed, and to which Plaintiffs only have access because of an inadvertent disclosure at the core of this litigation, or (2) contains context from which the public could infer such information. Public disclosure therefore risks the privacy interests of non-parties. The City's request is narrowly tailored because it seeks to seal only the portions of Plaintiffs' filings that concern information at issue in the sealed arrest records.

Rule 79-5 authorizes the Court to file a document, or portions thereof, under seal when the document is privileged or otherwise entitled to protection under the law. The presumption in favor of public access to court documents "can be overridden." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

The compelling reasons standard for sealing requires the moving party to show compelling reasons outweigh the public policy generally favoring disclosure. Such reasons generally exist where the court files "have become a vehicle for improper purposes, such as the use of records to gratify spite, promote public scandal, create libelous statements, or release trade secrets. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Court should seal the arrest record information in the PI Motion because the information is entitled to protection under California Penal Code sections 851.91, 851.92, and 832.7(b)(5). The Code allows a person who suffered an arrest to petition the court to have their records sealed, and "arrest records, police investigative reports, and court records that are sealed under this section shall not be disclosed to any person or entity except the person whose arrest was sealed or a criminal justice agency." Cal. Penal Code §§ 851.91, 851.92(b)(2)(5). Plaintiffs acknowledge the California Superior Court granted the CEO's petition to seal the arrest records at issue. ECF No. 1 ("Compl.") ¶¶ 37-38. Therefore, Plaintiffs' dissemination of this information is contrary to California law.

Denying San Francisco's motion to seal while Plaintiffs' PI Motion is pending would also undermine Defendants' opportunity to challenge Plaintiffs' PI Motion claims on their merits. Plaintiffs bring facial and as-applied challenges to California Penal Code Section 851.92 arguing it violates the First Amendment. Thus, permitting Plaintiffs to publicly disclose the arrest record information via

their PI Motion would short circuit Defendants' opportunity to challenge the substance of Plaintiffs' underlying argument.

A second California statute prevents public disclosure of some of the information at issue. California Penal Code section 832.7(b)(5) requires sealing documents to "[t]o remove personal data or information," "[t]o preserve the anonymity of complainants and witnesses," and "[t]o protect confidential. . . information of which disclosure . . . would cause an unwarranted invasion of personal privacy." Cal. Penal Code § 832.7(b)(5). Although the name of the victim is redacted from the Incident Report that the journalist posted online, the context of the unsealed portion of the Incident Report could nevertheless lead to inadvertent harm to the victims given that those details narrow the pool of potential victims considerably. Murphy Decl. ¶ 6. For example, the Incident Report available on the journalist's website includes the name of the street where the victim lives, their age, race, sex, height, weight, hair color, eye color, and a description of their relationship with the arrestee, whose name is not redacted. *Id*. Disclosure therefore threatens the personal privacy interests of the crime victim. Courts recognize the compelling reasons in protecting the privacy and safety of those involved in the criminal justice system even when no specific statutory protection applies as it does here. *See Larsen v. Oregon Dep't of Just.*, No. 6:21-CV-01718-AA, 2021 WL 5826267, at *1 (D. Or. Dec. 6, 2021) (sealing exhibits including "police reports" submitted in connection with a TRO application); *United States v. Peltier*, No. CR19-0115-JCC, 2021 WL 3472405, at *1 (W.D. Wash. Aug. 6, 2021) (granting sealing based on the compelling interest in protecting the privacy and safety of litigants, crime victims, and witnesses).

San Francisco's request is narrowly tailored as it seeks to seal only the portions of the PI Motion that include information either contained in the underlying Incident Report, or from which a person could infer the content of the underlying Incident Report. Murphy Decl. ¶ 7. There are no documents where San Francisco seeks to seal the document in its entirety, and there are some proposed redactions in Plaintiffs' Motion that San Francisco is not seeking to have the Court impose. Murphy Decl. ¶¶ 2-5, 8-9. For this reason, there is no less restrictive alternative to San Francisco's sealing request that would be sufficient.

**I.  Conclusion**

The challenged law prevents public disclosure of certain information. Although Plaintiffs challenge the constitutionality of that law in their underlying PI Motion, while the Court considers the constitutionality of the law it should keep the records under seal to preserve the status quo.

Dated:  December 2, 2024

>                             DAVID CHIU
>                             City Attorney
>                             YVONNE R. MERÉ
>                             TARA M. STEELEY
>                             KAITLYN MURPHY
>                             Deputy City Attorneys
>
>
>                       By:  /s/*Kaitlyn Murphy*
>                             KAITLYN MURPHY
>
>                             Attorney for Defendant DAVID CHIU, in his official capacity as City Attorney for the City and County of San Francisco