SENATE JUDICIARY COMMITTEE
Senator Hannah-Beth Jackson, Chair
2017-2018  Regular  Session

SB 393 (Lara)
Version: April 17, 2017
Hearing Date: April 25, 2017
Fiscal: Yes
Urgency: No
CK

### SUBJECT

Arrests:  sealing

### DESCRIPTION

This bill would provide a mechanism for a person to petition a court to seal records of arrests that did not result in a conviction, as defined, with certain exceptions.  This bill would also provide for a universal process for accomplishing the sealing of records after such records are ordered sealed pursuant to a host of existing statutes.  This bill would also restrict consumer reporting agencies from sharing information regarding certain arrests, require them to more thoroughly vet arrest information for accuracy and completeness, and provide for civil penalties against such agencies for violations of these provisions.

### BACKGROUND

Consumer reporting agencies collect information and provide reports about individuals for clients.  The Consumer Financial Protection Bureau recently released an index of the multitude of companies that have flooded this market.  The clients often seek this background information in order to make decisions about whether to hire certain individuals, to extend them credit, to rent them a home, or to grant them a license or certificate.  Much of the data used in these reports are gathered from public records or large databases based on such records.  With rapid technological advancements, such information has become increasingly accessible over the last few decades, and often decision makers gather this data directly from the public records.  In combination with how inexpensive they have become, these records have become incredibly attractive screening tools for these decision makers.

These reports and public records often contain information about a person's criminal background, including records of arrests.  The issue is that often previous arrests that never resulted in a conviction will be included in these reports and records.  Although not evidence of having committed any crime, this information can result in an applicant

being denied by an employer or landlord, leading to devastating consequences for individuals who can be effectively shut out of employment or housing.

Forbes reports that 69 percent of employers run criminal background checks on all of their potential employees while the EEOC indicates that 87 percent of companies use background checks for at least some hiring decisions. The practice is also common for landlords, including subsidized housing providers. Importantly, this is an issue that can be faced by many Americans. Statistics from the Brennan Center indicate that by age 23 nearly one in three Americans will have been arrested. However, these issues disproportionately affect communities of color. Nearly half of black males are arrested by age 23, and although representing only 14 percent of the population, African Americans account for 28 percent of all arrests. Studies cited by the National Institute for Justice reveal that the "penalties" created by criminal records in the labor market disproportionately impact Latinos and African Americans. The Justice Department has confirmed that many individuals' criminal records include arrests that never lead to a conviction, but are nevertheless included in overbroad background checks that then exclude applicants from jobs or housing.

Current law restricts the ability of employers and housing providers from using certain arrest information to deny applicants. In addition, consumer reporting agencies are restricted on what information they can provide about arrests that do not result in conviction. However, such information continues to get into the hands of these decision makers both through consumer reporting agencies and directly through public records.

This bill seeks to address these issues. It would provide a mechanism for a person to seal arrests that did not result in a conviction as a matter of right with specified exceptions and safeguards. This bill would also create a universal, thorough process for accomplishing the sealing of arrests pursuant to court orders. This includes prohibitions on the dissemination of records that have been sealed and penalties for doing so. This bill creates an obligation on consumer reporting agencies to destroy arrest records after discovering that such records have been sealed. Investigative consumer reporting agencies would also have to verify, on a weekly basis, whether arrests for which they have information have been sealed or did not result in a conviction.

## CHANGES TO EXISTING LAW

<u>Existing law</u> prohibits an investigative consumer reporting agency from making or furnishing any investigate consumer report with certain items of information, including records of arrests and convictions for crimes that are more than seven years old or such records if it is learned that no conviction resulted or a full pardon has been granted. Relevant here, an investigative consumer reporting agency is also restricted from furnishing an investigative consumer report that includes information that is a matter of

SB 393 (Lara)
Page 3 of 10

public record and that relates to an arrest, indictment, or conviction, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished. (Civ. Code Sec. 1786.18.)

Existing law prohibits a public agency or private individual or corporation from asking an applicant for employment to disclose information regarding an arrest or detention that did not result in a conviction or that was dismissed or ordered sealed, or any information regarding any pretrial or posttrial diversion programs. (Lab. Code Sec. 432.7.)

Existing law provides that a court may order arrest records and related court files to be sealed when (1) a person successfully completes a prefiling diversion program administered by a prosecuting attorney in lieu of filing an accusatory pleading; (2) two years have passed since successful completion of the program; and (3) the court finds that doing so will be in furtherance of justice. A copy of the person's petition for sealing the arrest and associated files must be served on the law enforcement agency and the prosecuting attorney of the county or city having jurisdiction over the offense, and that prosecuting attorney and law enforcement agency may request a hearing on the petition at which they are permitted to present evidence to the court. (Pen. Code Sec. 851.87.)

Existing law provides that a court may order arrest records and related court files to be sealed whenever (1) a person is diverted to a drug diversion program administered by a superior court or is admitted to a deferred entry of judgment program; (2) the person successfully completes the program; and (3) the judge finds the interests of justice would be served by so sealing the records. (Pen. Code Sec. 851.90.)

Existing law provides that a court may order the records of an arrest to be sealed when a person has successfully completed a pretrial diversion program for a misdemeanor offense or a deferred entry of judgment program relating to a narcotics or drug abuse case. (Pen. Code Secs. 1000, 1000.4, 1001.1, 1001.9.)

This bill would additionally prohibit an investigative consumer reporting agency from making or furnishing any investigative consumer report that includes records of any arrest that did not result in an indictment, information, or misdemeanor complaint.

This bill would require an investigative consumer reporting agency to verify the completeness of any information regarding an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment. It would also provide that the duty to verify the accuracy and completeness of information relating to an arrest includes the duty to inquire with either the trial court in each county or the Department of Justice on a weekly basis to determine which, if any, arrests have been sealed or have resulted in a disposition other than a conviction.

SB 393 (Lara)
Page 4 of 10

<u>This bill</u> would allow a person who has suffered an arrest that did not result in a conviction to petition the court to have the person's arrest and related records sealed. This bill would provide that an arrest did not result in a conviction under any of the following circumstances:
- the statute of limitations has run on every offense upon which the arrest was based and the prosecuting attorney of the city or county that would have had jurisdiction over the offense or offenses upon which the arrest was based has not filed an accusatory pleading based on the arrest;
- the prosecuting attorney filed an accusatory pleading based on the arrest, but no conviction occurred, all of the charges have been dismissed, and none of the charges may be refiled;
- the prosecuting attorney filed an accusatory pleading based on the arrest, but no conviction occurred and the arrestee has been acquitted of all of the charges; or
- the prosecuting attorney filed an accusatory pleading based on the arrest, a conviction or convictions occurred, but all of the convictions have been vacated or reversed on appeal and none of the charges may be refiled.

<u>This bill</u> would provide that a petition to seal an arrest that did not result in a conviction would need to meet all of the following requirements and such a petition could be denied by the court for failing to meet any of them:
- be verified;
- be filed in the appropriate court;
- be filed at least 15 days prior to the hearing on the petition;
- be served upon the specified prosecuting attorney and law enforcement agency at least 15 days prior to the hearing;
- include the person's name, date of birth, date of arrest, city and county where the arrest took place, the law enforcement agency that made the arrest, and other identifying information relating to the arrest, the offenses upon which the arrest was based or the charges that resulted;
- identify the basis upon which the person is eligible for relief; and
- include a statement that the person is entitled to have the arrest sealed either as a matter of right or if the request is based on the interests of justice, how the interest of justice would be served accompanied by supporting declarations.

<u>This bill</u> would provide that the petitioner, the prosecuting attorney, and the arresting agency may submit evidence to the court at a hearing on the petition and that the petitioner would have the initial burden of proof to establish eligibility.

<u>This bill</u> would entitle a petitioner to have such arrests sealed as a matter of right with certain exceptions. A petitioner would have to meet a higher standard by establishing that sealing the arrest would serve the interests of justice when the offense upon which the arrest is based or any of the resulting charges is one of the following:

SB 393 (Lara)
Page 5 of 10

- domestic violence, if the petitioner's record demonstrates a pattern of domestic violence arrests, convictions, or both;
- child abuse, if the petitioner's record demonstrates a pattern of child abuse arrests, convictions, or both; or
- elder abuse, if the petitioner's record demonstrates a pattern of elder abuse arrests, convictions, or both.

This bill would define "pattern" as used in this exception as two or more convictions, or five or more arrests, for separate offenses occurring on separate occasions within three years from at least one of the other convictions or arrests.

This bill would provide that a court could consider any relevant factors in determining whether the interests of justice would be served by sealing an arrest including: (1) hardship to the petitioner, (2) evidence of the petitioner's good character, (3) evidence regarding the arrest, and (4) the petitioner's record of convictions.

This bill would provide a process for the court to follow when it grants a petition to seal an arrest that did not result in a conviction, which would include issuing a written ruling and order and provide it to the relevant parties.  Such order would detail the implications and limitations of the sealing.

This bill would provide that a person is not eligible for the above relief if the person may still be charged with any of the offenses upon which the arrest was based or if any of the arrest charges or charges in the accusatory pleading is a charge of murder or any other crime without a statute of limitations, except when the person has been acquitted or found factually innocent of the charge.  A person would also be ineligible for this relief if the person avoided prosecution by either absconding from the jurisdiction in which the arrest took place or by engaging in identity fraud.

This bill would create a new statute that provides the procedures for accomplishing the sealing of arrest records after a court has issued an order to seal an arrest pursuant to Sections 851.87, 851.90, 851.91, 1000.4, or 1001.9 of the Penal Code.  Each of the specified sections will cross-reference this new section for the appropriate sealing process.  The process and certain other requirements found in these other existing code sections would be supplanted in part.

This bill would provide that a sealing shall be accomplished as follows:
- the court must forward the sealing order to the Department of Justice and the appropriate law enforcement agencies, and copies must be given to the petitioner and the prosecuting attorney;
- the local summary criminal history information and the state summary criminal information must include a note next to the sealed arrest stating that the arrest was sealed, the date it was sealed, and the provision pursuant to which it was sealed;

- all police investigative reports or court records related to the sealed arrest shall be stamped with a message that the arrest was sealed, and the documents should not be released outside of the criminal justice sector; and
- all arrest records, police investigative reports, and court records that are sealed must not be disclosed to the public, consumer reporting agencies, or any other person or entity except the person whose arrest was sealed and criminal justice agencies, as defined.

This bill would require a criminal justice agency to respond to any inquiry regarding the sealed arrest, or a request for associated, sealed records, received from the public, a consumer reporting agency, or any person or entity (except the person whose arrest was sealed or another criminal justice agency) with (1) a verbal statement that the arrest has been sealed and that no further information is available; and (2) written notice that the arrest has been sealed, is deemed to have never occurred, shall not be used in any way that could result in denial of any employment, benefit, license, or certificate, and that any records of the arrest in the possession of, or obtained from, a consumer reporting agency for the purpose of providing or obtaining background checks on the person whose arrest has been sealed must be destroyed and that a failure to so destroy them may subject the consumer reporting agency to criminal and civil liability.

This bill would require a consumer reporting agency, as defined, to inquire with the relevant criminal court whether any arrests with regard to which the agency possesses any record or information have been sealed. When a consumer reporting agency discovers that any such arrest has been sealed, it would have to delete and destroy all records relating to the sealed arrest and shall cease to pursue, store, or disseminate any information relating to the sealed arrest with one exception. The consumer reporting agency would be required to notify any person or entity to which it previously provided information relating to the arrest that the arrest has been sealed, is deemed not to have occurred, and shall not be used in any way that could result in the denial of any employment, benefit, license, or certificate.

This bill would subject consumer reporting agencies to civil penalties between $500 and $2,500, cumulative to other civil remedies and penalties, for each violation of these provisions to be enforced by the Attorney General, a city attorney, or a district attorney. This provision would not limit any existing private right of action that exists under current law.

This bill would not restrict a criminal justice agency's access to records of arrest.

**COMMENT**

1. <u>Stated need for the bill</u>

According to the author:

> Current record sealing procedures are ineffective and do not provide a mechanism to properly seal arrests from people's records. Some penal code sections provide for the sealing of local records, but do not affect state-level records, which are usually referenced in background checks. Records used for background checks can be outdated. Consumer reporting companies fail to update their databases to reflect court-ordered record sealing, which means that individuals are deprived of the very benefit that the court order is intended to provide.
>
> SB 393 will:
> - Establish a uniform legal process for sealing records relating to arrests that did not result in a conviction.
> - Update criminal records at the California Department of Justice, by doing so consumer reporting agencies will provide updated background reports.
> - By sealing records of arrest for those who have not been convicted of a crime, SB 393 will remove barriers that are holding back Californians from employment and housing opportunities.

2. <u>Providing an efficient, streamlined process for accomplishing a sealing</u>

Currently, Sections 851.87, 851.90, 1000.4, and 1001.9 of the Penal Code provide for the sealing of records in certain conditions. This bill would streamline the process for sealing arrest records by including a cross-reference in each of these sections to a new section, Section 851.92 of the Penal Code, that would detail one universal, thorough system. Section 851.92 would also govern the sealing of arrests under the newly created Section 851.91, which allows for the sealing of arrests that did not result in a conviction.

Currently, each relevant statute provides its own process in a silo, and each of these processes works independent of the others. This bill would resolve understandable confusion on how a sealing should be accomplished by providing a definitive and universal process. It will also ensure that information about the sealing of arrests gets to the Department of Justice, which is a main source for criminal record information for many consumer reporting agencies. This eliminates inefficiencies in the system and ensures the proper flow of information, hallmarks of effective legislation.

3. <u>Providing an equitable opportunity to seal certain arrests</u>

Evidence of previous arrests can jeopardize a person's ability to secure housing, employment, or other necessities in life. However, our criminal justice system is based

SB 393 (Lara)
Page 8 of 10

on the principle that one is innocent until proven guilty. Therefore, as a matter of public policy, arrests that do not result in convictions should not hang over individuals, essentially inflicting collateral punishment on them for crimes for which they were never convicted.

This bill would add Section 851.91 to the Penal Code to provide these individuals with a way out from under this burden. This new section would enable an individual to seal arrests where the statute of limitations has run, the charges have been dismissed, the individual was acquitted, or a conviction occurred but was vacated or reversed on appeal. A person would be entitled as a matter of right to seal all qualifying arrests upon a properly verified and supported petition. A court granting such a request would be required to issue a written ruling and order stating that the record of arrest has been sealed and that the arrest is deemed not to have occurred. This would enable the person to answer any question relating to the arrest accordingly, and would release the person from all penalties and disabilities resulting from the arrest.

The court would then provide a copy of this written ruling to the petitioner, to the prosecuting attorney, to the law enforcement agency that made the arrest, and to the Department of Justice and otherwise comply with the newly created Section 851.92, which would govern the process for effectuating a sealing. By mandating the information be circulated in this manner, public records and investigative consumer reports will be updated in a more efficient and timely manner. This ensures that information regarding arrests that have been sealed are not making it into the hands of employers and housing providers who should not be basing their decisions on such information.

This new entitlement to relief would also come with a number of safeguards on the system and a number of exceptions would apply to assuage concerns about public safety. The sealed arrest could still be pleaded and proved in a subsequent prosecution and would have the same effect as if it had not been sealed. Furthermore, the sealing would not relieve the petitioner of the obligation to disclose the arrest, if otherwise required by law, in response to any direct question contained in a questionnaire or application for public office, for employment as a peace officer, for licensure by any state or local agency, or for contracting with the California State Lottery Commission. This maintains access to the arrest information for a host of entities where safety concerns might otherwise arise. The sealing would also not affect the person's authorization to own a firearm or any prohibition from holding public office that would otherwise apply as a result of the arrest.

Additionally, a number of exceptions would apply. For instance, any arrests where charges may still be filed or where there is no statute of limitations are not eligible to be sealed. Additionally, if the reason a person was not convicted was due to their evasion of authorities, the person would similarly not be eligible for relief.

SB 393 (Lara)
Page 9 of 10

This bill would create a higher burden to seal arrests for certain offenses where the person has shown a pattern of arrests or convictions. If a person wishes to seal arrests based on domestic violence, child abuse, or elder abuse, and where the person's record demonstrates a pattern of arrests or convictions for such offenses, the person would have to prove to the court that sealing such arrests serves the interests of justice.

4. <u>Providing restraints on consumer reporting agencies</u>

The way information of arrests generally finds its way into the hands of potential employers, housing providers, and other decision makers is through background checks conducted by consumer reporting agencies. Therefore, ensuring that the sealing of an arrest is reflected in these reports, or keeping the information from entering into the reports in the first place, is vital for the effectiveness of this legislation and the protection of individuals whose arrests are sealed.

This bill would prohibit consumer reporting agencies from sharing information regarding arrests when it learns that such arrests and related records have been sealed. It would require the agencies to delete and destroy such records immediately after discovering such information. This bill would also require the consumer reporting agencies to notify those persons and entities to which they had already shared such information that the records have been subsequently sealed and cannot be used to deny employment, benefits, licenses, or certificates. It would subject any person that disseminates sealed information in violation of these provisions to civil penalties of $500 to $2,500. These provisions work towards ensuring the purpose of this bill is properly effectuated. However, this bill does not provide individuals harmed by violations of these provisions a right to bring their own action. It does make clear though that it does not limit any existing private right of action and that any civil penalties imposed would be cumulative to civil remedies or penalties imposed under any other law.

Furthermore, this bill would place the responsibility for verifying the accuracy and completeness of arrest information, including whether such arrests have been sealed, on investigative consumer reporting agencies, a subset of consumer reporting agencies, before sharing arrest information. Such agencies would be required to inquire with either the relevant trial court or the Department of Justice on a weekly basis as to whether any arrests have been sealed or have resulted in a disposition other than conviction.

This bill would also prohibit these investigative consumer reporting agencies from making and furnishing reports containing information regarding arrests for which charges were never pursued through an indictment, information, or misdemeanor complaint. However, the current language of the bill may lead to some confusion over exactly when arrest information can be provided by these agencies. The clarifying amendment below will make clear that a record of arrest cannot be included in an

SB 393 (Lara)
Page 10 of 10

investigative report unless and until an indictment, information, or misdemeanor complaint results. Such an arrest could be reported pending pronouncement of judgment on any resulting indictment, information, or misdemeanor complaint.

Clarifying Amendment

On page 3, line 20, delete "arrest," and insert "an arrest that has resulted in an"

Support: Alliance for Boys and Men of Color; American Civil Liberties Union of California; California Attorneys for Criminal Justice; California Catholic Conference; Californians for Safety and Justice; Firearms Policy Coalition; National Association of Social Workers

Opposition: None Known

## HISTORY

Source: San Francisco District Attorney George Gascón

Related Pending Legislation: None Known

Prior Legislation:

SB 513 (Hancock, Ch. 798, Stats. 2013) added Section 851.87 to the Penal Code, providing for the sealing of records upon completion of a prefiling diversion program administered by a prosecuting attorney.

SB 599 (Perata, Ch. 792, Stats. 2003) added Section 851.90 to the Penal Code, providing for the sealing of records upon completion of a drug diversion program administered by a superior court or a deferred entry of judgment program.

Prior Vote: Senate Public Safety Committee (Ayes 6, Noes 1)

**************