

| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

**SB-393 Arrests: sealing.** (2017-2018)



Date Published: 02/15/2017 09:00 PM

CALIFORNIA LEGISLATURE— 2017–2018 REGULAR SESSION

**SENATE BILL**     **NO. 393**

**Introduced by Senators Lara and Mitchell**

**February 15, 2017**

An act to add Section 851.867 to the Penal Code, relating to arrests.

### LEGISLATIVE COUNSEL'S DIGEST

SB 393, as introduced, Lara. Arrests: expungement.

Existing law permits a defendant to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty if he or she has fulfilled the conditions of probation for the entire period of probation, has been discharged prior to the termination of the period of probation, has been convicted of a **misdemeanor** and not granted probation and has fully complied with and performed the sentence of the court, or has been sentenced to a county jail for a felony, or if a court, in its discretion and the interests of justice, determines that a defendant should be granted this or other specified relief. In either case, existing law releases the defendant from all penalties and disabilities resulting from the offense of which he or she has been convicted.

This bill would authorize a person who has suffered an arrest that did not result in a conviction to petition the court to have his or her arrest expunged. Under the bill, a person would be ineligible for this relief if he or she may still be charged with any offense upon which the arrest was based or if any of the arrest charges or charges in the accusatory pleading based on the arrest, if filed, is a charge of murder or any other offense for which there is no statute of limitations, except when the person has been acquitted or found factually innocent of the charge.

The bill would provide that a person who is eligible for expungement of his or her arrest is entitled, as a matter of right, to that expungement unless the person has been charged with certain crimes, including, among others, an offense or charge based on physical violence by the petitioner against another person, in which case the person may obtain expungement of his or her arrest only upon a showing that the expungement would serve the interests of justice. The bill would specify that the petitioner has the initial burden of proof that he or she is either entitled to expungement of his or her arrest as a matter of right or that expungement would serve the interests of justice and, if the court finds that petitioner has satisfied his or her burden of proof, then the burden of proof shall shift to respondent prosecuting attorney.

The bill would require, if the petition is granted, the court to issue a written ruling and order that, among other things, states that the arrest is deemed not to have occurred and that, except as otherwise provided, the petitioner is released from all penalties and disabilities resulting from the arrest. The bill would prohibit the disclosure of the expunged arrest, or information about the expunged arrest that is contained in other records, from being disclosed to the public, consumer reporting agencies, or any other person or entity, except as specified.

The bill would make it a **misdemeanor** to disclose information relating to an expunged arrest, as specified. The bill would subject a person who is not authorized to have access to information relating to an expunged arrest and who disseminates that information to civil liability for invading the privacy of the petitioner. Because this bill would create a new crime and impose new duties on local agencies, this bill would impose a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that, with regard to certain mandates, no reimbursement is required by this act for a specified reason.

With regard to any other mandates, this bill would provide that, if the Commission on State Mandates determines that the bill contains costs so mandated by the state, reimbursement for those costs shall be made pursuant to the statutory provisions noted above.
Vote: majority   Appropriation: no   Fiscal Committee: yes   Local Program: yes

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** Section 851.867 is added to the Penal Code, to read:

**851.867.** (a) (1) (A) A person who has suffered an arrest that did not result in a conviction may petition the court to have his or her arrest expunged.

    (B) For purposes of this section, an arrest did not result in a conviction if any of the following are true:

    (i) The statute of limitations has run on every offense upon which the arrest was based and the prosecuting attorney of the city or county that would have had jurisdiction over the offense or offenses upon which the arrest was based has not filed an accusatory pleading based on the arrest.

    (ii) The prosecuting attorney filed an accusatory pleading based on the arrest, but no conviction occurred, all of the charges have been dismissed, and none of the charges may be refiled.

    (iii) The prosecuting attorney filed an accusatory pleading based on the arrest, but no conviction occurred and the arrestee has been acquitted of all of the charges.

    (iv) The prosecuting attorney filed an accusatory pleading based on the arrest, a conviction or convictions occurred, but all of the convictions have been vacated or reversed on appeal and none of the charges may be refiled.

    (v) The prosecuting attorney filed an accusatory pleading based on the arrest, a conviction or convictions occurred, but the arrestee has been found factually innocent of all of the convictions.

  (2) A person is not eligible for relief under this section in either of the following circumstances:

    (A) He or she may still be charged with any of the offenses upon which the arrest was based.

    (B) Any of the arrest charges, as specified by the law enforcement agency that conducted the arrest, or any of the charges in the accusatory pleading based on the arrest, if filed, is a charge of murder or any other offense for which there is no statute of limitations, except when the person has been acquitted or found factually innocent of the charge.

(b) (1) A petition for expungement of an arrest shall:

    (A) Be verified.

(B) Be filed in the court in which the accusatory pleading based on the arrest was filed or, if no accusatory pleading was filed, in a court with criminal jurisdiction in the city or county in which the arrest occurred.

(C) Be filed at least 15 days prior to the hearing on the petition.

(D) Be served, by copy, upon the prosecuting attorney of the city or county in which the arrest occurred and upon the law enforcement agency that made the arrest at least 15 days prior to the hearing on the petition.

(E) Include all of the following information:

(i) The petitioner's name and date of birth.

(ii) The date of the arrest for which expungement is sought.

(iii) The city and county where the arrest took place.

(iv) The law enforcement agency that made the arrest.

(v) Any other information identifying the arrest that is available from the law enforcement agency that conducted the arrest or from the court in which the accusatory pleading based on the arrest was filed, including, but not limited to, the case number for the police investigative report documenting the arrest, the name of the arresting officer, and the court number under which the arrest was reviewed by the prosecuting attorney or under which the prosecuting attorney filed an accusatory pleading and court proceedings were initiated.

(vi) The offenses upon which the arrest was based or, if an accusatory pleading was filed based on the arrest, the charges in the accusatory pleading.

(vii) Upon which basis identified in subparagraph (B) of paragraph (1) of subdivision (a) the petitioner is eligible for relief.

(viii) A statement that the petitioner is entitled to an expungement as a matter of right or, if the petitioner is requesting expungement in the interests of justice, how the interests of justice would be served by granting the petition, accompanied by declarations made directly and verified by petitioner and his or her supporting declarants.

(2) The court may deny a petition for failing to meet any of the requirements described in paragraph (1).

(c) (1) At a hearing on a petition under this section, the petitioner, the prosecuting attorney, and, through the prosecuting attorney, the law enforcement agency that made the arrest, may present evidence to the court. Notwithstanding Section 1538.5 or 1539, the hearing may be heard and determined upon declarations, affidavits, police investigative reports, copies of state summary criminal history information and local summary criminal history information, or any other evidence submitted by the parties that is material, relevant, and reliable.

(2) The petitioner has the initial burden of proof that he or she is entitled to expungement of his or her arrest as a matter of right or that expungement would serve the interests of justice. If the court finds that petitioner has satisfied his or her burden of proof, then the burden of proof shall shift to respondent prosecuting attorney.

(3) The court shall not grant the petition unless the court finds that petitioner is entitled to relief as a matter of right or has proven that the interests of justice would be served by granting the petition.

(d) (1) A petitioner who is eligible for relief under subdivision (a) is entitled to expungement of his or her arrest as a matter of right unless he or she is subject to paragraph (2) or (3).

(2) (A) The petitioner may obtain expungement of his or her arrest only upon a showing that the expungement would serve the interests of justice if any of the offenses upon which the arrest was based, as specified by the law enforcement agency that made the arrest, or, if an accusatory pleading was filed, any of the charges in the accusatory pleading, was one of the following:

(i) Domestic violence, if the petitioner's record demonstrates a pattern of domestic violence arrests, convictions, or both.

(ii) Child abuse, if the petitioner's record demonstrates a pattern of child abuse arrests, convictions, or both.

      (iii) Elder abuse, if the petitioner's record demonstrates a pattern of elder abuse arrests, convictions, or both.

      (iv) An offense or charge based on physical violence by petitioner against another person.

      (v) An offense or charge described in subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, if the petitioner has been convicted, at any time before or after the arrest that is the subject of the petition, of a serious felony in this state or of any offense committed in another jurisdiction which would have been a serious felony if committed in this state.

   (B) (i) The petitioner may show that the interests of justice would be served by granting his or her petition through the presentation of evidence.

      (ii) If any of the offenses upon which the arrest was based, as specified by the law enforcement agency that made the arrest, or, if an accusatory pleading was filed, any of the charges in the accusatory pleading, was one of violence by petitioner against another person, the court shall provide meaningful opportunity for the prosecuting attorney to contact the victim and for the victim to respond to the petition. The court shall consider the victim's response or, the circumstances surrounding the lack thereof, in determining whether the interests of justice would be served by granting the petition.

  (3) If the court finds at the hearing that either of the following circumstances is true, the court shall deny the petition:

   (A) That the arrest did not result in a conviction because the petitioner absconded from the jurisdiction in which the arrest took place.

   (B) That the arrest did not result in a conviction because the petitioner engaged in identity fraud.

(e) If the court grants a petition pursuant to this section, the court shall do all of the following:

  (1) Issue a written ruling to the petitioner stating that the record of arrest is expunged as to petitioner, that the arrest is deemed not to have occurred, that petitioner may answer any question relating to the arrest accordingly, and that, except as provided in paragraph (3), the petitioner is released from all penalties and disabilities resulting from the arrest. The court shall give a copy of this written ruling to the petitioner, to the prosecuting attorney, to the law enforcement agency that made the arrest, and to the Department of Justice.

  (2) Issue an order of expungement of arrest to the Department of Justice, to the law enforcement agency that made the arrest, to any other law enforcement agency that participated in the arrest, and to the law enforcement agency that administers the master local summary criminal history information that contains the arrest record for the arrest that is the subject of the petition. The court shall give a copy of this order to the petitioner, to the prosecuting attorney, and to any law enforcement agency to which the order is issued.

  (3) The ruling and order shall state all of the following:

   (A) The expunged arrest may be pleaded and proved in any subsequent prosecution of the petitioner for any other offense, and shall have the same effect as if it had not been expunged.

   (B) The expungement of an arrest pursuant to this section does not relieve the petitioner of the obligation to disclose the arrest, if otherwise required by law, in response to any direct question contained in a questionnaire or application for public office, for employment as a peace officer, for licensure by any state or local agency, or for contracting with the California State Lottery Commission.

   (C) The expungement of an arrest pursuant to this section does not affect petitioner's authorization to own, possess, or have in his or her custody or control any firearm, or his or her susceptibility to conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6, if the arrest would otherwise affect this authorization or susceptibility.

   (D) The expungement of an arrest pursuant to this section does not affect any prohibition from holding public office that would otherwise apply under law as a result of the arrest.

(f) (1) (A) After the court has issued the order described in subdivision (e), the local summary criminal history information and the state summary criminal history information shall include a note in the arrest record for the arrest that was the subject of the petition that the arrest was expunged, the date that the court issued the order, and that the arrest was expunged pursuant to the provisions of this section. The responsible local law

enforcement agency and the Department of Justice shall ensure that all master copies of the arrest record contain this note.

    (B) The expunged arrest, or information about an expunged arrest that is contained in other records, shall not be disclosed to the public, consumer reporting agencies, or any other person or entity except the petitioner or a criminal justice agency requiring the information or records in the course of its duties.

    (C) An agency receiving an inquiry regarding the arrest from the public, a consumer reporting agency, or any person or entity except the petitioner or a criminal justice agency requiring the records in the course of its duties shall respond in one of the following ways:

        (i) With a verbal statement that the arrest has been expunged and that no further information is available.

        (ii) By providing a written notice that the arrest has been expunged pursuant to this section and that any records of the arrest in the possession of, or obtained from, a consumer reporting agency for the purpose of providing or obtaining background checks on the petitioner shall be destroyed and that the failure to destroy the records may subject the consumer reporting agency to criminal and civil liability.

    (D) A criminal justice agency may continue to access and use information relating to an expunged arrest.

(2) (A) A law enforcement investigative report related to the arrest that was the subject of the petition shall, as to the petitioner only, be stamped "ARREST EXPUNGED: DO NOT RELEASE OUTSIDE THE CRIMINAL JUSTICE SECTOR," and noting next to the stamp the date of the expungement and that the arrest was expunged pursuant to the provisions of this section. The responsible local law enforcement agency shall ensure that all digital or master copies of the arrest record for the arrest that was the subject of the petition contain this note.

    (B) A criminal justice agency may continue to access and use information in a law enforcement investigative report related to an expunged arrest.

(3) (A) A consumer reporting agency shall inquire with either the trial court in each county or the Department of Justice on a weekly basis to determine which, if any, arrests have been expunged. When a consumer reporting agency learns that a consumer for which it has a record has had an arrest expunged, the consumer reporting agency shall delete all records in its possession relating to the arrest, shall cease to pursue, store, or disseminate any information relating to the arrest, except that it shall notify any person to which it previously provided information relating to the arrest that the arrest has been expunged, is deemed not to have occurred, and that the arrestee has been released from all penalties or disabilities arising therefrom, except as otherwise specified in paragraph (3) of subdivision (e).

    (B) Notwithstanding subparagraphs (B) and (C) of paragraph (1), the trial court and the Department of Justice shall provide information relating to an expunged arrest to consumer reporting agencies for the purpose of complying with this paragraph.

(4) For the purposes of this subdivision, a "consumer reporting agency" includes an investigative consumer reporting agency, as defined in Section 1786.2 of the Civil Code, and a consumer credit reporting agency, as defined in Section 1785.3 of the Civil Code.

(g) (1) Every person who is authorized to have access to information relating to an expunged arrest who disseminates information relating to an expunged arrest to a person who is not authorized to receive that information is guilty of a **misdemeanor**.

(2) (A) Every person who is not authorized to have access to information relating to an expunged arrest who disseminates that information is guilty of a **misdemeanor**.

    (B) Every person who is not authorized to have access to information relating to an expunged arrest who disseminates that information is subject to civil liability for invading the privacy of the petitioner. In a successful action brought under this subparagraph, the petitioner, in addition to any special or general damages awarded, shall be awarded a minimum of two thousand five hundred dollars ($2,500) in exemplary damages, attorney's fees, and any other litigation costs reasonably incurred in the suit. The right, remedy, and cause of action set forth in this section shall be nonexclusive and is in addition to all other rights, remedies, and causes of action for invasion of privacy.

(h) The Department of Justice shall furnish forms to be utilized by a person applying for expungement of an arrest pursuant to this section.

**SEC. 2.** No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution for certain costs that may be incurred by a local agency or school district because, in that regard, this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIII B of the California Constitution.

However, if the Commission on State Mandates determines that this act contains other costs mandated by the state, reimbursement to local agencies and school districts for those costs shall be made pursuant to Part 7 (commencing with Section 17500) of Division 4 of Title 2 of the Government Code.