Adam Steinbaugh, Cal. Bar No. 304829
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone:   (215) 717-3473
Email:   adam@thefire.org

JT Morris, Tex. Bar No. 24094444*
Zachary T. Silver, D.C. Bar No. 1742271*
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
700 Pennsylvania Ave., SE; Ste. 340
Washington, D.C. 20003
Telephone:   (215) 717-3473
Email:   jt.morris@thefire.org
Email:   zach.silver@thefire.org

David Loy, Cal. Bar No. 229235
David Snyder, Cal. Bar No. 262001
FIRST AMENDMENT COALITION
534 4th Street, Suite B
San Rafael, CA 94901-3334
Telephone:   (415) 460-5060
Email:   dloy@firstamendmentcoalition.org
Email:   dsnyder@firstamendmentcoalition.org

*Attorneys for Plaintiffs*
\* *Admitted pro hac vice*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRST AMENDMENT COALITION, VIRGINIA LAROE, and EUGENE VOLOKH,<br><br>                Plaintiffs,<br><br>v.<br><br>DAVID CHIU, in his official capacity as City Attorney of San Francisco; and ROB BONTA, in his official capacity as Attorney General of California,<br><br>                Defendants. | Civil Case No. 24-cv-08343-RFL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY ATTORNEY DAVID CHIU'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND RELATED DOCUMENTS (ECF NOS. 11-3 THROUGH 11-21); DECLARATION OF ADAM STEINBAUGH** |

## OPPOSITION TO ADMINISTRATIVE MOTION TO SEAL

The Court should deny Defendant City Attorney David Chiu's (the "City") Motion to Seal Portions of Plaintiffs' Motion for a Preliminary Injunction ("Mot."). *All* the information the City seeks to seal—which does not include the sealed arrest report at issue—is currently available elsewhere to anyone with a local newspaper subscription or internet access. Yet the City wants to seal this information chiefly to deter readers from learning about these news reports, publications, or open court records.[1] That is far from the "compelling reasons" needed to overcome the "strong presumption in favor of [public] access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted).

The City insists that it seeks only to preserve the "status quo" by (1) preventing the release of "private information" that Plaintiffs "only have access" to by virtue of the City's "inadvertent disclosure"; and (2) limiting public access to information from which the public could "infer" that "private information." (Mot. 3.) But that's not preserving the "status quo"—it's undermining it. The information has been public for well over a year, after the City itself disclosed it.

In effect, the City is trying to put the genie it let out of the bottle back in, and seal it. The First Amendment stands in its way, and the City's own "inadvertent" error falls far short of the constitutionally mandated "compelling reason" to justify sealing records.

## THE PUBLIC INFORMATION THE CITY SEEKS TO SEAL

All the information the City seeks to seal is currently available to the public and was obtained from media reports, public records requests, or California courts' open dockets. In fact, media coverage of the sealed arrest report began in October 2023 after the City made it public through an "inadvertent disclosure" in May 2022. (Mot. 3; *see* Decl. Adam Steinbaugh Supp. of Mot. Prelim. Inj. ¶ 10 [ECF No. 11-6]; Mot. Prelim. Inj. Ex. 6 ¶¶ 18, 24 [ECF No. 11-16].)

The information the City seeks to seal falls into two categories: (1) information the City Attorney produced in unredacted form to a journalist—and later to the undersigned—in response to public records requests; or (2) information publicly filed in California courts, where it remains available to the public:

---

[1] *E.g.*, Decl. Kaitlyn Murphy 5:2–6 [ECF No. 17-1] (sealing references to "news articles.")

- The Office of the City Attorney produced Exhibits 3–5 and 7 to the undersigned on November 12, 2024, in response to a public records request. (Decl. Steinbaugh Supp. of Mot. Prelim. Inj. ¶¶ 3–4.) Far from a single "inadvertent" release, the Office of the City Attorney also deliberately produced these records to a journalist in October 2024—*after* it began its campaign to suppress information about the executive's sealed arrest. (Decl. Adam Steinbaugh Opp. to Mot. to Seal ¶¶ 5–6.)
- Journalist Jack Poulson filed Exhibit 8 in the San Francisco County Superior Court, where it remains available to the public. (*see id*. ¶ 8.)
- The tech executive filed Exhibit 2 in the San Francisco County Superior Court, where it remains available to the public. (*see id*.)

## LEGAL STANDARD

To justify sealing the judicial records at issue, the City must overcome the presumption of access by articulating "compelling reasons" to justify sealing the records at issue. *Kamakana*, 447 F.3d at 1178. That "stringent standard" is not satisfied by "hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). Civil Local Rule 79–5(c)(1), in turn, requires the City to identify the "legitimate private or public interests that warrant sealing," the "injury that will result," and why a less-restrictive alternative is insufficient.

## ARGUMENT

**I.     The City Has Not Shown Compelling Reasons to Seal Information Already Available to the General Public.**

**A.     Because all the information is currently in the public domain, sealing it will undermine—not advance—the status quo.**

No interest, let alone a *compelling* interest, is served by sealing information available to the public, and courts regularly refuse to do so. In *Kamakana*, for example, the Ninth Circuit upheld the district court's decision to unseal information "already publicly available or . . . available in other documents being produced to" a local newspaper. *Kamakana*, 447 F.3d at 1184; *see also Civ. Beat L. Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1205 (9th Cir. 2024) (rejecting a "mandatory, categorical sealing requirement" relating to health information because it applied even where,

—2—

among other things, "that record has already been made public"). District courts have likewise refused to seal records when "the public already has access" to information. *AFL Telecomms. LLC v. SurplusEq.com Inc.*, 946 F.Supp.2d 928, 946 (D. Ariz. 2013). That's because when information is "already in the public domain," unsealing information "is unlikely to cause irreparable harm to anyone." *United States v. Loughner*, 769 F.Supp.2d 1188, 1196 (D. Ariz. 2011).

Once the government makes information available to the public, it cannot unring the bell by prohibiting members of the public—including journalists, scholars, and advocates—from repeating what they know. *Fla. Star v. B.J.F.*, 491 U.S. 524, 538 (1989). That's true even when, as the City concedes, the release was "inadvertent." *Id.* (First Amendment protects the right to republish facts obtained from government's "erroneous, if inadvertent" release of that information). "[H]owever confidential it may have been beforehand, subsequent to publication it [i]s confidential no longer. . . . [A court] simply do[es] not have the power . . . to make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

Moreover, sealing is a poor vehicle to accomplish that futile goal. Sealing this information will not keep the public from accessing it. Even if sealing imposes a momentary hindrance, it does nothing to prevent members of the public from drawing inferences on their own—and they would not have to look far: under the City's inconsistent redactions, information sealed in one exhibit is revealed in another. (*E.g.*, Decl. Murphy 7:15–8:10 [ECF No. 17-1] [proposing no redactions to Ex. 9 (ECF No. 11-21)].)[2] No compelling purpose is served by telling the public they cannot see here what they can see in their local newspaper or in another docket entry.

B.  **Reputational concerns are not compelling reasons to seal.**

Even if the names of the executive and his company were not widely reported in the media, any potential interest in protecting his reputation falls far short of a compelling reason to seal records here. (Mot. 2.) "[P]rivacy and reputational concerns" are generally insufficient to overcome the right of access. *Loughner*, 769 F.Supp.2d at 1195. That's because "injury to official reputation is

---

[2] Even with the more robust redactions Plaintiffs submitted as a precaution, journalists easily deduced the names of the executive and his company. Plaintiffs hesitate to submit these news articles now, as doing so would burden the Court with another round of litigation over sealing public information.

— 3 —
PLS.' OPP. TO DEF. CHIU'S ADMIN. MOT. TO SEAL PORTIONS OF PLS.' MOT. PRELIM. INJ.

an insufficient reason for repressing speech that would otherwise be free." *Id.* (quoting *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2002)).

### C. Preventing public access to news articles is not a compelling reason to seal.

The City also seeks to seal references to media reports about the executive, his company, and his arrest, asserting that the public could "infer" information about the arrest. (Mot. 4.) But the fact that "an astute reader might draw" "inferences" from the material "cannot, without more, overcome the presumption of public access to court records." *Apple Inc. v. Rivos, Inc.*, No. 22-cv-02637-PCP, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024).

Again, the public availability of this information means sealing it would not serve any compelling need. Any person with a basic knowledge of Google can readily identify the individual and company at issue. That is even more so where the City seeks to seal the names and authors of publications but would leave unredacted direct quotes from the articles at issue. (Decl. Murphy 5:16 [ECF No. 17-1] [City does not seek to seal quote] & 5:24–6:6 [City seeks to seal citations to news articles].)

### D. The subject matter of the arrest does not present a compelling reason to seal.

The City's assertion that references to the subject matter of the arrest should also be sealed are also unconvincing. (*Id.* at 4:10–12 [seeking to seal description of the "basis of the arrest"].)

First, the City and the tech executive have both made this information public. The City did so in its "inadvertent" release of the sealed report (Mot. 3), and the tech executive did so by specifically identifying the nature of the arrest in the complaint he filed in the San Francisco Superior Court. (Decl. Steinbaugh Supp. Mot. Prelim. Inj. ¶ 10 [ECF No. 11-6], Mot. Prelim. Inj. Ex. 6 [ECF No. 11–16] ¶ 30.) That this information is contained in a publicly filed complaint undermines any argument that sealing it serves a compelling interest. In *Kamakana*, for example, the Ninth Circuit upheld the district court's refusal to seal "references to events and persons mentioned by name in Kamakana's complaint." *Kamakana*, 447 F.3d at 1184.

Second, the City argues that readers could find the published incident report and, from its "context," could "narrow the pool of potential victims," even though the victim's name is redacted from that published report. But this amounts to a "hypothesis or conjecture" insufficient to justify

sealing records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broad. Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1295 (9th Cir. 1986)). That "observers hypothetically could draw inferences" from the sealed information does not meet the "'stringent' compelling reasons standard." *Apple*, 2024 WL 1204115 at *14 (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096–97).

**E.    Defendants will not be inhibited in defending the anti-dissemination statute.**

The City wrongly concludes that unsealing this information will "short circuit" its ability to defend the statute's constitutionality. (Mot. 3–4.) If the statute is constitutional, the City might later seek civil penalties for dissemination of the information. If it is not constitutional, it cannot seek civil penalties. In either event, the information is already known to the public.

**II.    The Motion Illustrates the Anti-Dissemination Statute's Vagueness and Overbreadth.**

This litigation over this sealing issue drives home the unconstitutional vagueness of the anti-dissemination statute, which reaches any information "relating to a sealed arrest." Cal. Penal Code § 851.92(c). In November, the City Attorney freely shared records in response to a public records request; in December, the City Attorney insists that parts of the very same records must be sealed from public view and that "Plaintiffs' dissemination of this information"—on this Court's docket—is itself "contrary to California law." (Mot. 3.) The inconsistent application of the law's vague standards is evident even in this Court, where information is sealed in one exhibit and revealed in the next. If the City Attorney cannot consistently guess what information is "related to" an arrest, it cannot expect the public to do so.

The City's Motion also demonstrates the statute's facial overbreadth, as the City now uses the statute to justify the suppression of lawfully acquired information in this Court while the same information is freely available in the public sphere.

**CONCLUSION**

The First Amendment protects the distribution of information the government has made public, even when it did so inadvertently. *Fla. Star*, 491 U.S. at 538. It also protects the public's right to access the same information on this Court's docket. The Court should deny the Motion.

DATED: December 11, 2024                                  Respectfully submitted,

                                                          By: /s/ Adam Steinbaugh
David Loy, Cal. Bar No. 229235                            Adam Steinbaugh, Cal. Bar No. 304829

— 5 —
PLS.' OPP. TO DEF. CHIU'S ADMIN. MOT. TO SEAL PORTIONS OF PLS.' MOT. PRELIM. INJ.

David Snyder, Cal. Bar No. 262001
FIRST AMENDMENT COALITION
534 4th Street, Suite B
San Rafael, CA 94901-3334
Tel:       (415) 460-5060
Email:   dloy@firstamendmentcoalition.org
Email:   dsnyder@firstamendmentcoalition.org

FOUNDATION FOR INDIVIDUAL
   RIGHTS & EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Tel:       (215) 717-3473
Cell:      (562) 686-6990
Fax:       (215) 717-3440
Email:    adam@thefire.org

JT Morris, Tex. Bar No. 24094444*
Zachary T. Silver, D.C. Bar No. 1742271*
FOUNDATION FOR INDIVIDUAL
   RIGHTS & EXPRESSION
700 Pennsylvania Ave., SE, Suite 340
Washington, D.C. 20003
Tel:       (215) 717-3473
Fax:       (215) 717-3440
Email:    jt.morris@thefire.org
Email:    zach.silver@thefire.org

Attorneys for Plaintiffs
FIRST AMENDMENT COALITION,
VIRGINIA LAROE, and EUGENE
VOLOKH

* *Admitted pro hac vice.*