

*PREPARED BY DEFENSE COUNSEL FOR SUBSTACK.*

**FILED**
San Francisco County Superior Court
DEC 13 2024
CLERK OF THE COURT
By: /s/
William Trupek, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOHN DOE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SUBSTACK, INC., a Delaware Corporation; AMAZON WEB SERVICES, INC., a Delaware Corporation; JACK POULSON, an individual; TECH INQUIRY, INC., a Delaware corporation; DOES 1-25, inclusive, <br><br> Defendants. | Case No.: CGC-24-618681 <br><br> [PROPOSED] ORDER DENYING PLAINTIFF JOHN DOE'S MOTION SEEKING PERMISSION FOR PLAINTIFF TO PROCEED UNDER A FICTITIOUS NAME <br><br> DATE: December 12, 2024 <br> TIME: 9:30 a.m. <br> DEPT: 301 <br> Judge: JOSEPH M. QUINN <br> Action Filed: October 3, 2024 <br> Trial Date: |

PLAINTIFF JOHN DOE'S Motion Seeking Permission For Plaintiff To Proceed Under A Fictitious Name is before this Court. and the Court having considered the arguments of the parties rules that the motion is DENIED.

Plaintiff John Doe filed his defamation complaint on October 3, 2024, generally alleging that Defendants unlawfully published false information about him taken from a sealed arrest record. Plaintiff alleges causes of action for (1) negligence, (2) gross negligence, (3) intentional interference with prospective economic relations, (4) negligent interference with prospective economic relations, (5) intentional interference with contractual relations, (6) public disclosure of private facts, (7) false light, (8) intrusion into private affairs, (9) IIED, (10) NIED, (11) defamation, (12) Bus & Prof. Code Section 17200, (13) violation of California Constitution Section 1, (14) violation of California Penal Code Section 851.92, and (15) violation of California Penal Code Section 11143Plaintiff now moves to proceed under a fictitious name.

Generally, "[i]n the complaint, the title of the action shall include the names of all the parties." (CCP Section 422.40.) Where a statute does not specifically allow a party to file the complaint anonymously, a plaintiff must file a conditionally anonymous complaint. (Dept. of Fair Employment and Housing v. Superior Court (2022) 82 Cal.App.5th 105, 111 ["DFEH"].) The court must conduct a hearing and apply the overriding interest test. (Id.) Under that test, "[a] party's request for anonymity should be granted only if the court finds that an overriding interest will likely be prejudiced without use of a pseudonym, and that it is not feasible to protect the interest with less impact on the constitutional right of access." (Id.) The court "must bear in mind the critical importance of the public's right to access judicial proceedings. Outside of cases where anonymity is expressly permitted by statute, litigating by pseudonym should occur 'only in the rarest of circumstances.'" (DFEH, supra, 82 Cal.App.5th at 111.) California courts look to the Advanced Textile factors to evaluate the need for anonymity. (Does I thru XXIII v. Advanced Textile Corp. (9th Cir. 2000) 214 F.3d 1058, 1068.) Under Advanced Textile, courts consider: (1) severity of

2

1  harm, (2) reasonableness of fears, and (3) vulnerability. (Does I thru XXIII v. Advanced Textile
2  Corp., 214 F.3d 1058, 1068 (9th Cir. 2000).)
3
4        This is not a case where anonymity is expressly permitted. Nor is it a case that presents "the
5  rarest of circumstances" that would allow Plaintiff to proceed anonymously. (DFEH, supra, 82
6  Cal.App.5th at 111.) Plaintiff argues he has an overriding privacy interest in not being tied to his
7  sealed arrest record. Plaintiff, however, admits, "[a]n article in the San Francisco
8  Chronicle…identified Plaintiff's actual name and connected him to the incidents described in the
9  sealed arrest report…" (MPA, 4.) As such, the highly personal details of Plaintiff's arrest record
10 have already been publicly disclosed and tied to this complaint. The cat, so to speak, is out of the
11 bag. Further, Plaintiff's argument that neither Defendants nor the public interest will be prejudiced
12 if he proceeds anonymously is unpersuasive. (MPA, 8.) Plaintiff's identity, his reputation, his
13 specific economic relationships and opportunities, the extent to which his affairs are private or
14 public are among the issues raised by his claims and the parties, including the defendants, have an
15 interest in developing an accurate record specific to Plaintiff. Imposing anonymity requirements
16 will interfere with this process. "[T]he public has an interest, in all civil cases, in observing and
17 assessing the performance of its public judicial system, and that interest strongly supports a general
18 right of access in ordinary civil cases." (NBC Subsidiary (KNBC-TV), Inc. v. Superior Court
19 (1999) 20 Cal.4th 1178, 1210. On this record, Plaintiff's generalized concerns in anonymity do not
20 predominate.
21
22        It might be one thing if Plaintiff's claims were limited to whether the media is (or should be)
23 prohibited from publishing facts taken exclusively from sealed criminal records and he was seeking
24 no personal relief. Perhaps affording such a plaintiff anonymity would not prejudice any other
25 party. But that's not this case. Plaintiff, here, is seeking relief personal to him that requires
26 development of a record about him. Additionally, he is alleging that the information published was
27 false and seeking personal damages resulting from publication of the falsities. Requiring Defendants
28

To [Case 3:24-cv-08343-RFL crossed out header] It does not follow, however, this interest alone po makes this case the rarest of cases supporting anonymity. Nor does this interest considered in the context of this case tip the ox-scales in favor of allowing Plaintiff to proceed under a pseudonym.

to litigate such claims without disclosing Plaintiff's identity in any way would be to impose an undue burden, if not make it nearly impossible for Defendants to develop their defenses and protect their interests.

At the hearing, Plaintiff seemed to urge that a compelling and overriding privacy interest is articulated in Penal Code section 851.92, which authorizes a civil penalty of $500 to $2,500 for dissemination of information relating to a sealed arrest.

Next, the Advanced Textile factors weigh against Plaintiff's requested relief. First, Plaintiff has not established he will face severe harm in the form of retaliation if he is named. As his name and arrest record have been published, Plaintiff cannot show he will encounter any new harm he has not already encountered or would not likely encounter based on the existing public record. Second, Plaintiff's fear is unreasonable because no retaliatory harm is threatened against him. Third, naming Plaintiff would not render him more vulnerable than when this information was first disseminated to the public. Plaintiff claims he is vulnerable because "Defendants have been unwavering their position that they can act in direct violation of California Law…" (MPA, 7.) However, this is not a vulnerability recognized in the cited cases. In DFEH, the plaintiff was scared his family would be the subject of immediate caste violence in India if his identity were revealed. (DFEH, supra, 82 Cal.App.5th at 108.) In Advanced Textile, the plaintiffs feared immediate physical violence and deportation for themselves and their families. This case, where a third-party news publication has already reported the sealed arrest record and the facts surrounding it, is not one where privacy interests override the public's interest in this information.

Loss of employment or employment opportunities cannot generally be "retaliation" green lighting anonymity for a party. If so, every employment plaintiff who concedes some wrongdoing but claims his termination was unjustified would be able to proceed anonymously because, for example, the admitted wrongdoing would give current and future potential employers pause. Similarly, every fraud defendant would have a claim to anonymity whenever the allegations put them in a bad light with employers and potential employers. Likewise, here Plaintiff's employment issues and concerns do not override the general and specific interests in open litigation of this matter. ✓

4

Case No. CGC-24-618681      [Proposed] Order Denying Plaintiff's Motion to Proceed Under a Fictitous Name

**IT IS HEREBY ORDERED:** PLAINTIFF JOHN DOE'S Motion Seeking Permission For Plaintiff To Proceed Under A Fictitious Name is **DENIED**.

DATED: Dec 12, 2024

Hon. JUDGE OF THE SUPERIOR COURT

JOSEPH M. QUINN

I, the undersigned, certify that I am an employee of the Superior Court of California, County Of San Francisco and not a party to the above-entitled cause and that on December 13, 2024 I served the foregoing ORDER DENYING PLAINTIFF JOHN DOE'S MOTION SEEKIING PERMISSION FOR PLAINTIFF TO PROCEED UNDER A FICTITIOUS NAME on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

DAVID MAREK, ESQ.
THE MAREK LAW FIRM
228 HAMILTON AVENUE
PALO ALTO, CA 94301

JOSHUA A. BASKIN, ESQ.,
WILSON SONSINI GOODRICH & ROSATI
1 MARKET PLAZA, SPEAR TOWER
STE 3300
SAN FRANCISCO, CA 94105

SARA E. BYRNS, ESQ
DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET
23RD FLOOR
SAN FRANCISCO, CA 94111