19CV346678
Santa Clara – Civil
T. Phan

**Electronically Filed**
by Superior Court of CA,
County of Santa Clara,
on 8/28/2023 5:35 PM
Reviewed By: T. Phan
Case #19CV346678
Envelope: 12875214

1  GRELLAS SHAH LLP
   DHAIVAT H. SHAH, ESQ. (SBN 196382)
2  (ds@grellas.com)
   DAVID I. SIEGEL, ESQ. (SBN 264247)
3  (dsiegel@grellas.com)
   ERIN M. ADRIAN, ESQ. (SBN: 228718)
4  (ema@grellas.com)
5  SETH K. KUGLER (SBN 304668)
   (skugler@grellas.com)
6  20400 Stevens Creek Blvd, Suite 280
   Cupertino, CA 95014
7  Telephone: (408) 255-6310
8  Facsimile: (408) 255-6350

9  Attorneys for Plaintiff PREMISE DATA
10 CORPORATION, a Delaware Corporation

11           SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      COUNTY OF SANTA CLARA

13 PREMISE DATA CORPORATION, a          Case No.: 19-CV-346678
   Delaware Corporation                 (consolidated with Case No.: 21-CV-385478)
14
15         Plaintiff,                   **DECLARATION OF MAURY
                                        BLACKMAN IN SUPPORT OF PREMISE
16    v.                                DATA CORPORATION'S MOTION FOR
                                        PROTECTIVE ORDER LIMITING PMQ
17 ALEX POMPE, an individual, DOES 1    DEPOSITION TOPIC #11**
   through 100, inclusive,
18
19         Defendants.

---

BLACKMAN DECLARATION ISO MOTION FOR PROTECTIVE ORDER LIMITING PMQ TOPIC #11

I, Maury Blackman, declare as follows:

1. I am the Chief Executive Officer of Premise Data Corporation ("Premise"). Premise is the plaintiff in the above-captioned consolidated action *Premise Data Corporation v. Alex Pompe*, Santa Clara Superior Court Case No. 19CV346678 (the "Consolidated Action"). I have personal knowledge of the facts stated herein. If called upon as a witness, I could and would testify competently to the following facts.

2. Premise has clients in the military and intelligence sectors, which represent a portion of its overall client base.

3. Premise's engagement agreements with clients in the military and intelligence sectors contain strict confidentiality provisions which expressly prohibit Premise from disclosing the engagement, including the identity of the client and the nature of the work contemplated by the agreement. It is Premise's understanding, based on communications with these military and intelligence clients, that confidentiality of these engagements is critical because many of Premise's military and intelligence clients and projects deal with sensitive and highly-confidential information relating to national security.

4. Key Premise personnel, including myself, hold security clearance with the United States Department of Defense and a number of military and intelligence clients require Premise personnel to maintain a security clearance for the exchange of information. Premise itself holds a Facility Security Clearance (FCL), which allows it to perform contracts involving access to classified information. Premise is required to maintain certain internal security controls, including only discussing classified information within closed meetings of cleared personnel, in order to maintain the FCL.

5. If Premise is unable to maintain the confidentiality of the identities of these military and intelligence clients in this civil litigation, this would cause Premise incalculable business harm because it is Premise's understanding that its ability to obtain work from these clients is conditioned on its ability to honor its commitment not to divulge this information under any circumstances.

6.   Further, given that these secrecy and confidentiality requirements under which Premise offers services to these clients are to safeguard national security, if Premise is required by this Court to divulge such information, it could compromise national security.

7.   Moreover, should this information be disclosed, it could directly endanger Premise's contributors around the world, who may be wrongly perceived as working for military or intelligence clients simply by virtue of having the Premise app on their phones.

8.   As a final point, beyond its confidentiality obligation to these clients and the national security concerns, Premise maintains the identity of these clients and the work done for them as a closely-guarded trade secret. That these particular clients have a need for the data services Premise is providing and the exact scope of these services, as well as the manner in which Premise provides services and meets the needs of these customers, is information that derives its value from not being known to the public or Premise's competitors because this information can be used to validate non-public market or customer needs and aid competitors in competing against Premise.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at San Francisco, California, on August 24, 2023.

_____
Maury Blackman